**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Robert Ward, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>Flagship Credit Acceptance LLC,<br><br>　　　　　　　　Defendant. | Civil Action No.:<br><br><br>**CLASS ACTION COMPLAINT** |

　　　　For his Class Action Complaint, Plaintiff, Robert Ward, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

**INTRODUCTION**

　　　　1.　　Plaintiff, Robert Ward ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Flagship Credit Acceptance LLC ("Flagship" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated and prerecorded calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

　　　　2.　　Flagship is an automobile loan financer which specializes in the acquisition, issuance and servicing of prime to subprime automotive retail installment contracts.

　　　　3.　　 As part of its acquisition and servicing of automotive retail installment contracts, it uses robo-dialing systems to bombard unsuspecting consumers who have no relationship with it with robocalls and prerecorded messages.

　　　　4.　　Plaintiff is such a consumer. He is not a Flagship customer yet has been bombarded with autodialed and pre-corded calls made without his consent and over his

objection.

5. Plaintiff seeks relief for himself and all others similarly situated for Flagship's unlawful behavior.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

7. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

8. Venue is proper in this District. Defendant is a foreign limited liability company headquartered in Chadds Ford Pennsylvania. Defendant regularly, and at all times relevant herein, conducted business in the Commonwealth of Pennsylvania and in Delaware County.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an adult individual residing in College Park, Georgia.

10. Flagship is a Delaware limited liability company with its principal place of business located at 3 Christy Drive, Chadds Ford, Pennsylvania, 19317.

11. Plaintiff has never had a business relationship with Flagship and never consented to be contacted by Flagship on his cellular telephone.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. The TCPA regulates, among other things, the use of automated telephone dialing systems.

13. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)    to dial such numbers.

14. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15. Defendant has repeatedly placed automated calls using an ATDS to Plaintiff's cellular telephone (954) XXX-6926.

16. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service provided by AT&T wireless as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. Flagship calls Plaintiff suing a variety of outbound caller identifications, including 972-893-6001, 469-398-4035, 469-398-4031 and 888-696-5899, all of which are Flagship phone numbers.

18. For each call, the Defendant is looking for a person named "Charles Walker."

19. Plaintiff is not Charles Walker. Plaintiff does not know a Charles Walker.

20. Flagship uses a series automatic telephone dialing systems and hardware when calling Plaintiff.

21. At all times mentioned herein, Flagship called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

22. When Plaintiff answered the calls from Flagship, he heard an extended period of silence before the calls would be routed to a live agent. This is indicative of Flagship's use of a "predictive dialer," an autodialer under the TCPA.

23. The Federal Communications Commission has defined ATDS's, under the TCPA, to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

24. On other occasions, when Plaintiff answered the Flagship call the autodialer played a pre-recorded and/or artificial message which said "Please wait for the next available agent." After a period of time, the call was then routed to a live agent. This too is indicative of a predictive dialer which is waiting for a live agent to become available to whom the call can be routed.

25. And on other occasions, Flagship would leave a blended pre-recorded and artificial message on Plaintiff's cellular telephone voicemail. The messages set forth:

> This message is from Flagship Credit Acceptance. It is very important that you return this call as soon as possible. Please call 800-327-8543. Again, that number is 800-327-8543. Thank you.

26. The autodialer used to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or from a database of numbers, and to call thousands of such numbers without human intervention.

27. When Plaintiff did speak with a live Flagship agent, by waiting on the line after transfer to the agent, he advised the agent that he was not Charles Walker and did not know Charles Walker and asked that Flagship stop calling Plaintiff's number.

28. On multiple occasions the agent advised Plaintiff that no further calls would occur.

29. However, automated calls, calls playing prerecorded messages and calls leaving prerecorded messages to Plaintiff did not cease and continued over Plaintiff's objection.

30. Defendant did not have Plaintiff's prior express consent to place automated calls to Plaintiff on his cellular telephone.

31. Defendant did not have Plaintiff's prior express consent to call Plaintiff using an artificial or prerecorded voice.

32. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

## CLASS ACTION ALLEGATIONS

**A. The Class**

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

34. Plaintiff represents, and is a member of the following class: of two classes:

**Class A**

**All persons within the United States to whom Flagship or its agent/s and/or employee/s called said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.**

**Class B**

**All persons within the United States to whom Flagship or its agent/s and/or employee/s called said person's cellular telephone with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.**

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

### B. Numerosity

36. Upon information and belief, Defendant has placed automated and/or prerecorded message calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### C. Common Questions of Law and Fact

38. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

   c. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

   d. Whether Defendant's conduct was knowing willful, and/or negligent;

   e. Whether Defendant is liable for damages, and the amount of such damages; and

   f. Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned

to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. **Typicality**

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

E. **Protecting the Interests of the Class Members**

41. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

F. **Proceeding Via Class Action is Superior and Advisable**

42. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Flagship is small because it is not economically feasible for Class members to bring individual actions.

43. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
## Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and

incorporates them herein by reference.

45. Defendant negligently placed multiple automated and prerecorded calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

46. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

47. Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

49. Plaintiff and the Classes are also entitled to and do seek a declaration that:

   a. Defendant violated the TCPA;

   b. Defendant placed telemarketing text messages; and

   c. Defendant placed text messages to the Plaintiff and the Classes without prior express written consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

50. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

52. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

53. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

55. Plaintiff and the Classes are also entitled to and do seek a declaration that:

   a. Defendant knowingly and/or willfully violated the TCPA;

   b. Defendant knowingly and/or willfully placed telemarketing text messages to Plaintiff and the Classes;

   c. Defendant knowingly and/or willfully obtained the telephone numbers of non-customers;

   d. Defendant willfully placed telemarketing text messages to non-customers such as Plaintiff and the Classes, knowing it did not have prior express written consent to do so; and

   e. It is Defendant's practice and history to place telemarketing text messages to non-customers without their prior express consent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Declaratory relief as requested;

3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

5. An award of attorneys' fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 4, 2017

Respectfully submitted,

By _____
Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff