# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Robert Ward, *on behalf of himself and all others similarly situated*,

        Plaintiff,

v.

Flagship Credit Acceptance LLC,

        Defendant.

Civil Action No.: 2:17-cv-02069-MMB

## CLASS ACTION SETTLEMENT AND RELEASE

It is hereby stipulated and agreed to by and between the undersigned Parties, subject to the approval of the Court, that the settlement of this Action shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement.

## ARTICLE I - RECITALS

**A.** **WHEREAS**, on or about May 5, 2017, plaintiff Robert Ward ("Plaintiff," "Named Plaintiff," or "Ward") filed an action entitled *Robert Ward v. Flagship Credit Acceptance LLC* in the United States District Court for the Eastern District of Pennsylvania (the "Action").

**B.** **WHEREAS**, the Action alleges, on behalf of Plaintiff and two nationwide classes, that defendant Flagship Credit Acceptance LLC ("Flagship") violated the federal Telephone Consumer Protection Act (the "TCPA") by placing calls using an automated telephone dialing system ("ATDS") and/or with prerecorded or artificial voices to cellular telephones without the prior express consent of the called party. Specifically, Plaintiff alleges that he was called by Flagship on his cellular telephone through the use of an ATDS, with

blended pre-recorded and artificial messages and such calls were made without Plaintiff's prior express consent.

**C.** **WHEREAS**, Flagship vigorously denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability and denies all material allegations of the Complaint.

**D.** **WHEREAS**, counsel for the Parties have investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Action, and conducted a thorough assessment of the strengths and weaknesses of their respective cases.

**E.** **WHEREAS**, counsel for the Parties have engaged in extensive arm's-length negotiations concerning the settlement of the claims asserted in the Action and mediation before the Hon. Joel B. Rosen (Ret.), former United States Magistrate Judge for District of New Jersey.

**F.** **WHEREAS**, Flagship, without admitting any liability, fault or wrongdoing, desires to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, for itself and its customers, and for the purpose of putting to rest the controversies engendered by the litigation.

**G.** **WHEREAS**, Ward and his counsel, on behalf of the Settlement Class, have concluded, based upon their investigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs associated with further prosecution of the Action, the uncertainties of complex litigation, the desired outcome from continued litigation and the substantial benefits to be received pursuant to

this Settlement Agreement, that a settlement with Flagship on the terms set forth herein is fair and reasonable and in the best interest of the Named Plaintiff and the Settlement Class.

**H.** **WHEREAS**, Ward and his counsel, on behalf of the Settlement Class, have agreed to settle the Action with Flagship on the terms set forth herein pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, or any other issue raised in the Action.

**I.** **WHEREAS**, the Settlement contemplated by this Agreement is expressly conditioned upon and subject to preliminary and final approval by the Court, as set forth herein. Absent such approvals, this agreement shall be null, void, and of no further force or effect and the parties shall be returned to their *status quo ante* as set forth at Article IV, section 9. Effective upon such approvals, this Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the claims of the Settlement Class, upon and subject to the terms and conditions hereof.

**J.** **WHEREAS**, Flagship has agreed to settle the Action with Plaintiff on the terms set forth herein pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, or any other issue raised in the Action.

**NOW, THEREFORE**, it is hereby stipulated and agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to the

approval of the Court, the Action shall be fully and finally settled and dismissed with prejudice under the following terms and conditions.

## <u>ARTICLE II – DEFINITIONS</u>

Unless defined elsewhere in this Settlement Agreement, as used in this Settlement Agreement and the related documents attached hereto as exhibits, the terms set forth below shall have the meanings set forth below. The singular includes the plural and vice-versa.

1.      "Action" means the lawsuit captioned *Robert Ward, on behalf of himself and all others similarly situated, v. Flagship Credit Acceptance LLC*, 2:17-cv-02069 (E.D. Pa.).

2.      "Flagship" or "Defendant" means defendant Flagship Credit Acceptance LLC, and all Flagship entities, subsidiaries, affiliates, agents, identified independent contractors, and identified vendors, including any predecessor and successor entities and related entities, that participated in making the calls to the cellular telephone numbers of Settlement Class Members or in any other act or omission alleged in the Complaint to have been wrongful.

3.      "Attorney's Fees and Costs" means all fees and costs to be awarded pursuant to the settlement of this Action.

4.      "Benefit Check" means the negotiable check to be sent to those Settlement Class Members who shall receive the Claimant Payment pursuant to Article III, section 1(b) below.

5.       "Claim Form" means the form by which members of the Settlement Class may submit a claim and which may entitle such persons to receive a Benefit Check. The Claim Form will be in the form of and contain text substantially the same as <u>Exhibit 1</u> to this Settlement Agreement.

6.    "Claimant Payment" means the distribution as described in Article III, section 1(c), to be paid from the Settlement Fund to each Settlement Class Member who submits a Valid Claim Form, as described in Article III, section 1(b) below.

7.    "Class" means the "Settlement Class," as defined below.

8.    "Class Counsel" means Lemberg Law, LLC.

9.    "Class Member" means a member of the Settlement Class.

10.   "Class Period" means the period from May 5, 2013, to the date of Preliminary Approval.

11.   "Counsel for Defendant" or "Defendant's Counsel" means the law firm of Fox Rothschild LLP.

12.   "Court" means the United States District Court for the Eastern District of Pennsylvania.

13.   "*Cy Pres* Recipient" means the JumpStart Coalition for Personal Financial Literacy or another entity approved by the Court.

14.   "Effective Date" means the first business day after the Court has entered a Final Approval Order and Judgment, in substantially the same form as <u>Exhibits 2 and 6</u>, respectively, and the Final Approval Order and Judgment have become Final.

15.   "Final" means that the Final Approval Order and Judgment have been entered on the docket in the Action and (a) the time to appeal from such order and judgment has expired and no appeal has been timely filed or (b) if an appeal from such order and judgment has been filed, it has finally been resolved and has resulted in an affirmance of the Final Approval Order and Judgment and the time for further appeals has expired or (c) the Court, following the resolution

of any appeal from the Final Approval Order or Judgment, enters a further order or orders approving settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s) and the time for further appeals has expired.

16.     "Final Approval Hearing" means the hearing at which the Court shall be asked to determine whether to grant final approval to this Settlement Agreement, consider any timely objections to this Settlement Agreement, authorize the entry of a final judgment, and dismiss the Action with prejudice.

17.     "Final Approval Order" means the order, substantially in the form of <u>Exhibit 2</u> attached hereto, in which the Court certifies the Settlement Class, grants final approval of this Settlement Agreement, authorizes the entry of a final judgment, and dismisses the Action with prejudice.

18.     "Incentive Award" means the payment to be made to the Named Plaintiff pursuant to Article VI, section 2(a-c) of this Settlement Agreement.

19.     "Judgment" means the judgment, substantially in the form of <u>Exhibit 6</u> attached hereto, in which the Court enters final judgment and dismisses the Action with prejudice.

20.     "Named Plaintiff" means Robert Ward.

21.     "Notice" means written notice, substantially in the form of <u>Exhibits 3 and 4</u> hereto, provided to Settlement Class Members pursuant to Article IV, section 3 of this Settlement Agreement.

22.     "Parties" means Ward, Flagship and the Settlement Class.

23. "Preliminary Approval Order" means the order, substantially in the form of Exhibit 5 attached hereto and described in Article IV, section 2 below, in which the Court, *inter alia,* preliminarily certifies the Settlement Class, grants preliminary approval to this Settlement Agreement and authorizes dissemination of Notice to the Settlement Class.

24. "Release" means the releases set forth in Article V of this Settlement Agreement.

25. "Released Claims" means the claims subject to the Release in Article V, Section 1(c).

26. "Released Persons" shall mean Flagship, as that term is defined in Article II, paragraph 2 above, and its current and former parents, subsidiaries, affiliates, officers, directors, employees, attorneys, members, shareholders, agents, independent contractors, vendors, insurers and assigns.

27. "Settlement Administration Costs" means any and all costs incurred in administering the Settlement, to be paid exclusively from the Settlement Fund, including but not limited to, the costs of disseminating all Notice and Claim Forms, publishing notice, administering and maintaining the Settlement Website, processing Claim Forms, and providing the Benefit Checks to Settlement Class Members who submit a Valid Claim Form, but specifically excluding all class benefit payments, payment of the Incentive Award, and payment of the Attorney's Fees and Costs.

28. "Settlement Administrator" means the Class Experts Group, LLC, an experienced third-party entity in the business of class action settlement administration.

29.     "Settlement Agreement" or "Settlement" or "Settlement Agreement and Release" or "Agreement" each mean this settlement agreement and release, including the attached exhibits.

30.     "Settlement Class" means all persons whom Flagship called on their cellular telephone through the use of any version of a TCN, LiveVox or Aspect dialing system and/or with an artificial or prerecorded voice at any time from May 5, 2013 to the date of preliminary approval.

31.     "Settlement Class Member" means all members of the Settlement Class who have not timely and properly opted out of the Settlement Class as provided for in Article IV, section 4 below.

32.     "Settlement Class Representative" means the Named Plaintiff.

33.     "Settlement Fund" means the $4 million ($4,000,000.00) total aggregate amount that Flagship will become obligated to pay by operation of this Settlement Agreement if it becomes Final. This Settlement Fund constitutes Flagship's exclusive payment obligation under this Settlement Agreement and includes: (a) the Claimant Payment to Settlement Class Members who submit a Valid Claim Form; (b) Attorney's Fees and Costs; (c) Incentive Awards; (d) the Settlement Administration Costs; and (e) any and all other costs that may be incurred as a result of this settlement.

34.     "Settlement Website" means the Internet site to be administered and maintained by the Settlement Administrator concerning the Settlement.

35.     "Successful Opt-Out" means a person who, pursuant to Article IV, section 4 of this Settlement and Fed. R. Civ. P. 23, timely and validly exercises his or her right to be

excluded from the Settlement Class, but shall not include (a) persons whose communication is not treated as a request for exclusion pursuant to Article IV, section 4 and (b) persons whose requests for exclusion are not valid or are otherwise void pursuant to Article IV, section 4.

36. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

37. "Valid Claim Form" shall mean a Claim Form that:

a) is filled out by the Class Member or a person authorized by law to act on behalf of the Class Member;

b) contains the address of the Class Member;

c) is executed and certified by the Class Member for whom the Claim Form is being submitted (or by his, her or their legal representative);

d) is timely, as judged by the fact that it is postmarked (if mailed to the Settlement Administrator) or time-stamped (if submitted to the Settlement Administrator via the Settlement Website) by the deadline set by the Court; and

e) is not successfully challenged. A Claim Form shall be treated as successfully challenged under the standards set forth in Article III, section 2 below.

38. All references to days shall mean calendar days, unless otherwise noted. When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

39. All references to "his," "her," and similar terms are intended to be gender-neutral, and apply equally to persons who are businesses, organizations, or other non-natural persons.

40. Other terms are defined in the text of this Agreement and shall have the meaning given to those terms in the text. It is the intent of the Parties in connection with all documents

related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Agreement, unless otherwise specified.

## ARTICLE III – SETTLEMENT CONSIDERATION AND CLAIMS PROCEDURE

In consideration of a full, complete and final settlement of the Action, dismissal of the Action with prejudice, and the Releases set forth in Article V below, and subject to the Court's approval, the Parties agree to the following relief.

1. **Relief to Settlement Class Members**

   a.     Within fourteen (14) days after the Effective Date, Flagship shall establish a Settlement Fund of $4 million ($4,000,000.00), minus any pre-Effective Date administrative cost dispersals, by wiring this amount to the Settlement Administrator.  Flagship shall have no payment obligations other than the Settlement Fund.

   b.     Subject to the terms and conditions of this Agreement, if a Settlement Class Member submits a Valid Claim Form, he or she shall receive a Benefit Check in the amount of the Claimant Payment as described below.

   c.     Each Class Member will receive as one Claimant Payment a *pro rata* distribution of the Settlement Fund, after accounting for Settlement Administration Costs, the Attorney's Fees and Costs and the Incentive Award, based on the number of Class Members who submit a Valid Claim Form.

   d.     If money remains in the Settlement Fund after all Valid Claim Forms are paid, from unclaimed funds or uncashed checks, the Settlement Administrator shall distribute *cy pres* the remaining value from the Settlement Fund to the *Cy Pres* Recipient.  The Parties shall recommend JumpStart Coalition for Personal Financial Literacy as the *Cy Pres* Recipient.

e.        Notwithstanding any judgment, principle, or statute, there shall be no interest accrued, owing, or paid by Flagship on the Claimant Payment, or on the Settlement Fund, or on any other benefit available (or potentially available) under this Agreement.

2.    **Disputed Claims**

a.        The Settlement Administrator shall be responsible for receiving and keeping safe and secure all Claim Forms and for administering the Settlement. The Settlement Administrator shall examine each Claim Form and determine if the Claim Form constitutes a Valid Claim Form eligible to receive the Claimant Payment described above.

b.        The Settlement Administrator shall identify any persons who submit Claim Forms that are incomplete and advise those persons in writing of the deficiencies in their Claim Forms, providing them with thirty (30) days in which to cure any such deficiencies. In the event a person fails to cure the identified deficiencies within the 30-day period, the Settlement Administrator shall provide his or her contact information and the deficient Claim Form to Class Counsel and counsel for Flagship.  Class Counsel may call and follow up with the person. The period to cure will be closed fifteen (15) business days after Class Counsel receives a listing of any deficient Claim Forms.

c.        Within fifteen (15) business days of the end of the period to cure deficient Claim Forms described in Article III, section 2(b) above, Plaintiff or Class Counsel may challenge any claims determined to be invalid by the Settlement Administrator as meeting the definition of a Valid Claim Form by any form of written notice to the Settlement Administrator and Flagship ("Disputed Invalid Claims"). Such notice of Disputed Invalid Claims shall void a determination of an invalid claim unless Flagship disputes the challenge in good faith, and in

writing, to Class Counsel within fifteen (15) business days of receipt of the Disputed Invalid Claim (or within such additional time as the Parties may agree or the Court may permit).

d.  Any Disputed Invalid Claims that cannot be resolved by the Parties shall be submitted to the Court for resolution.

e.  Any Disputed Invalid Claims that are not challenged by Flagship will be deemed Valid Claim Forms for purposes of the Settlement.

f.  Any Disputed Invalid Claims challenged by Flagship and determined to be valid by the Court pursuant to section 2(d) above will be deemed Valid Claim Forms for purposes of the Settlement.

3.  **Payment of Benefits**

a.  Subject to the terms and conditions of the Agreement, after the Effective Date and within sixty (60) days of resolution of all Disputed Invalid Claims, the Settlement Administrator shall mail or otherwise provide a Benefit Check in the amount of the Claimant Payment to each Settlement Class Member who has returned or submitted a Valid Claim Form.

b.  The Benefit Checks shall be paid solely from the Settlement Fund, and shall be mailed to the address provided by the Settlement Class Member on his or her Valid Claim Form.

c.  All Benefit Checks issued under this section shall be void if not negotiated within ninety (90) calendar days of their date of issue, and shall contain a legend to that effect. Benefit Checks issued pursuant to this section that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued.

d. Subject to the terms and conditions of this Agreement, the Settlement Administrator shall, within one hundred twenty (120) days after the mailing of all Benefit Checks, distribute the value of all unclaimed or uncashed Benefit Checks to the *Cy Pres* Recipient.

## ARTICLE IV – SETTLEMENT PROCEDURES

### 1. Class Certification

a. For purposes of this Settlement Agreement and the proceedings and certification contemplated herein, the Parties stipulate and agree that Named Plaintiff shall be appointed the Settlement Class Representative for the Settlement Class and his counsel from the law firm of Lemberg Law, LLC shall be appointed Class Counsel. Flagship agrees not to oppose any motion of Lemberg Law, LLC, to be appointed as Class Counsel.

b. The certification of a class for settlement purposes is made without prejudice of the rights of Flagship to oppose class certification and/or to contest issues of liability, in this Action or any other action, should this Settlement Agreement be terminated or the Effective Date not occur for any reason, is not to be construed as an admission that the Settlement Class or any other class could be appropriately certified for purposes of litigation, and cannot be used in this or any other litigation except for purposes of effectuating this Settlement.

### 2. Preliminary Approval

a. As soon as practical after the execution of this Settlement Agreement, Plaintiff shall move the Court for a Preliminary Approval Order substantially in the form of Exhibit 5 hereto. Flagship agrees to support the entry of the Preliminary Approval Order, substantially in the form of Exhibit 5 hereto, but said agreement shall not be an admission by

Defendant that a class and/or relief was appropriate in the Action or would be appropriate in any other matter.

      b.     Such Preliminary Approval Order shall, *inter alia*:

         i.     preliminarily approve the Settlement as fair, reasonable, and adequate, including the material terms of this Settlement Agreement;

        ii.     provisionally approve the Settlement Class for settlement purposes only;

       iii.     approve the proposed Notice and Claim Form in forms substantially similar to those attached hereto as <u>Exhibits 1, 3 and 4</u>, and authorize their dissemination to the Settlement Class;

       iv.     approve the requirement that Settlement Class Members submit a Valid Claim Form in order to obtain a Benefit Check;

        v.     set deadlines consistent with this Agreement for mailing of the Notice and Claim Form, the submission of Claim Forms, the filing of objections, statements or other submissions by any person concerning the Settlement, the submissions of requests for exclusion from the Settlement Class, and the filing of papers in connection with the Final Approval Hearing;

       vi.     conditionally designate Named Plaintiff as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class;

      vii.     approve the Settlement Administrator; and

viii.    set a date for a Final Approval Hearing.

**3.    <u>Class Notice and Claim Form</u>**

a.    Flagship shall, within thirty (30) days of entry of the Preliminary Approval Order, pay to the Settlement Administrator the sum of fifty thousand dollars ($50,000.00) as an advance against the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including class notice expenses.  This and any other advances paid to the Settlement Administrator by Flagship are deemed contributions to the Settlement Fund and shall be credited in their entirety one hundred percent (100%) towards Flagship's obligation under Article III, Section 1(a) above.  In the event that this Agreement terminates, any advances paid to the Settlement Administrator by Flagship that have not been spent, and are not required for amounts that are due and payable for reasonable and identified notice and administration costs already incurred, shall, within ten (10) days of termination, be returned by the Settlement Administrator to Flagship by payment to an account designated by Flagship.

b.    Any additional Settlement Administration Costs shall be paid exclusively from the Settlement Fund.

c.    In the event of the entry of a Preliminary Approval Order, the Parties and the Settlement Administrator shall prepare the list of Class Members to receive the Notice ("Class Member List"). To prepare the Class Member List, Flagship shall, within sixty (60) days of the entry of the Preliminary Approval Order, provide the Settlement Administrator with a list of the unique cellular telephone numbers associated with Class Members along with names and addresses where available, as they exist in Flagship's records.  The Settlement Administrator shall perform other investigations deemed appropriate by the Settlement Administrator,

15

including reverse look up of the cellular numbers to identify the owner of cellular numbers in the list at the time of a call and a current mailing address for the owner of the number. After identifying mailing addresses through this process, the Settlement Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updates, if any, to the mailing addresses.

        d.      Within seventy-five (75) days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail the Notice, together with the Claim Form, to each Class Member for whom a mailing address has been obtained through the process described in Article IV, section 3(c) above. Neither the Parties nor the Settlement Administrator shall have any obligation to mail the Notice and/or Claim Form to any Class Member for whom no mailing address was identified through the process set forth in Article IV, section 3(c) above.

        e.      If any Notice sent under Article IV, section 3(d) above is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail Notices.

        f.      The mailed notice will consist of the short-form notice substantially in the form of Exhibit 3.  The Settlement Administrator shall have discretion to format this Notice in a reasonable manner to minimize mailing and administrative costs. Before Notice is commenced, Class Counsel and Counsel for Flagship shall first be provided with a proof copy (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with the Settlement Agreement and with the Court's orders.

g.      After entry of the Preliminary Approval Order and prior to the date of the mailing of the Notice, the Settlement Administrator shall cause the Complaint, long-form Notice (substantially in the form of <u>Exhibit 4</u>), Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be made available on a dedicated Settlement Website to be administered by the Settlement Administrator.  Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance, which approval shall not be reasonably withheld, by Class Counsel and Defendant's Counsel.

h.      Claim Forms shall be returned or submitted to the Settlement Administrator, via U.S. Mail or via submission on the Settlement Website, by the deadline set by the Court or be forever barred. The Parties will recommend that the deadline for the return or submission of Claim Forms to the Settlement Administrator should be thirty (30) days before the date of the Final Approval Hearing Date set by the Court.

### 4.   Right and Effect of Members of the Class to Opt-Out

a.      Each member of the Settlement Class shall have the right to opt-out and not participate in the Settlement Agreement, as provided for in the Preliminary Approval Order.

b.      The Notice shall inform each Class Member of his or her right to request exclusion from the Settlement Class and not to be bound by this Agreement, if, within such time as is ordered by the Court ("Opt-Out Period"), the Class Member personally completes and mails a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Notice.

c.      For a Class Member's Opt-Out request to be valid and treated as a Successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b)

contain the cellular telephone number as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action; and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. The Settlement Administrator shall promptly inform Flagship and Class Counsel of any Successful Opt-Outs.

d. Members of the Settlement Class who opt-out in a timely and valid manner shall receive no benefit or compensation under this Settlement Agreement and shall have no right to object to the proposed Settlement Agreement or attend the Final Approval Hearing.

e. A request for exclusion that does not comply with all of the foregoing, or that is not timely submitted or postmarked or that is sent to an address other than that set forth in the notice, shall be invalid and the person serving such request shall be treated as a Settlement Class Member and be bound by this Settlement Agreement and the Release contained herein.

f. No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) to opt-out more than one Class Member on a single paper, or as an agent or representative. Any such purported Opt-Out shall be void, and the Class Member(s) that is or are the subject of such purported Opt-Out shall be treated as a Settlement Class Member.

g.      Prior to the Final Approval Hearing, Class Counsel, Counsel for the Defendant and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and submit it to the Court. If the Parties disagree about whether a communication from a class member meets the requirements of and or constitutes an opt-out, the Parties shall submit the communication to the Court for final resolution.

## 5.   Inquiries from Settlement Class Members

It shall be the responsibility of the Settlement Administrator to respond to all inquiries from members of the Settlement Class with respect to this Settlement except to the extent that inquiries are directed to Class Counsel. Class Counsel and Counsel for Defendant must both approve any FAQs or other materials the Settlement Administrator may use to answer inquiries from members of the Settlement Class and shall confer and assist the Settlement Administrator as it requests.  All such FAQs and other communications to Settlement Class Members shall be consistent with the Settlement Agreement.

## 6.   Objections to the Settlement

a.      Any Settlement Class Member who wishes to object to the proposed Settlement must mail or hand-deliver written objections to the Settlement ("Objections") to the Settlement Administrator, at the address set forth in the Notice, and mail or hand-deliver the Objections simultaneously to the Court. Objections may be filed by counsel for a Settlement Class Member.

b.      Each Objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member that brings him or her within the scope of the Settlement Class; (iii)

contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position.

        c.      The Parties will recommend that all Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to the Settlement Administrator no less than thirty (30) days before the Final Approval Hearing. The deadline for filing objections shall be included in the Notice.  An objector is not required to attend the Final Approval Hearing.

        d.      Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Notice and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

       **7.**   **Final Approval Hearing**

        a.      The Parties will recommend that the Final Approval Hearing be scheduled for a date seventy-five (75) days after the last date required under Article IV, section 3(d) above for the mailing of the Notice and Claim Form.

        b.      The Parties will file with the Court any briefs in support of Final Approval, Attorney's Fees and Costs, and Incentive Award, including responses to any objections, no later than fourteen (14) days before the Final Approval Hearing.

        c.      Any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must, within the time set by the Court, mail or hand-

deliver to the Court a notice of appearance in the Action, take all other actions or make any additional submissions as may be required in the Notice or as otherwise ordered by the Court, and mail that notice and any other such pleadings to Class Counsel and Counsel for Defendant as provided in the Notice. Unless so permitted by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Pennsylvania, no Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection, but failed to do so. Any Settlement Class Member who fails to comply with this Agreement, the Notice, and any other order by the Court shall be barred from appearing at the Final Approval Hearing.

      d.    The Parties shall ask the Court to enter a Final Approval Order and Judgment in substantially the same form as Exhibits 2 and 6, respectively. Flagship's request for entry of the Final Approval Order and Judgment shall not be an admission or concession by Flagship that a class and/or relief was appropriate in the Action or would be appropriate in any other matter.

      e.    If and when the Settlement becomes Final, the Action shall be dismissed with prejudice, with the Parties to bear their own costs and attorney's fees not otherwise awarded in accordance with this Agreement.

      f.    Flagship shall provide, or cause the Settlement Administrator to provide on Flagship's behalf, notice of the Settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715. No later than fourteen (14) days before the Final Approval Hearing, Flagship shall file or cause the

Settlement Administrator to file with the Court a certification that it complied with the CAFA notice requirements and stating the date of such compliance.

## 8. **Litigation Stay**

Except as necessary to secure approval of this Settlement Agreement or as otherwise provided herein, the Parties shall take no further litigation steps in this Court. In the event the Settlement Agreement is not approved or is terminated according to its terms, either Party may ask the Court to lift the stay.

## 9. **Disapproval, Cancellation, Termination or Nullification of Settlement**

a. Each Party shall have the right to terminate this Settlement Agreement if: (i) the Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that is not substantially similar in form and substance to Exhibit 5 hereto); (ii) the Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs in substance from Exhibit 2 hereto); (iii) the Final Approval Order and Judgment does not become Final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the Settlement on the terms set forth herein. If a Party elects to terminate this Settlement Agreement under this paragraph, that Party must provide written notice to the other Parties' counsel, by hand delivery, mail, or e-mail within ten (10) days of the occurrence of the condition permitting termination.

b. Flagship may unilaterally terminate this Settlement Agreement if more than 50 of the Settlement Class Members submit Successful Opt-Outs as described in Article IV, Part 4, of this Agreement. Prior to exercising this right, Flagship must: (1) provide written notice

to Class Counsel, by hand delivery, certified mail, or email, within fourteen (14) days of receipt of a list of all Successful Opt-Outs from the Settlement Administrator of its intent to exercise its rights to terminate, and (2) within fourteen (14) days from such notice to Class Counsel, participate with Class Counsel in a good faith meet and confer regarding the Successful Opt Outs and any right to terminate before an agreed neutral. Within seven (7) days after such meet and confer, Flagship may provide written notice to Class Counsel, by hand delivery, certified mail, or email of its election to exercise its rights to terminate.

c. Nothing shall prevent Named Plaintiff and/or Flagship from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of Preliminary or Final Approval of the Settlement. In the event such appellate proceedings result, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order.

d. If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement and all orders entered in connection therewith shall be rendered null and void; and (ii) all Parties shall be deemed to have reverted to their respective status in the Action as of the date and time immediately preceding the execution of this Settlement Agreement and, except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or

filed, except that the Parties shall not seek to recover from one another any costs and attorney's fees incurred in connection with this Settlement.

## ARTICLE V – RELEASE

1. **Releases; Binding and Exclusive Nature of Settlement Agreement**

a. In connection with the Settlement, both the Final Approval Order and Judgment shall provide that the Action is dismissed with prejudice as to the Named Plaintiff and all Settlement Class Members.

b. On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration or other claim may be pursued against Flagship or the related entities released herein with respect to the Released Claims.

c. On the Effective Date and in consideration of the promises and covenants set forth in this Agreement, (i) Named Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, who claim through Settlement Class members or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be

deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities that arise out of the use by Flagship of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make "calls" to the cellular telephone number (to the fullest extent that those terms are used, defined, or interpreted under the TCPA, relevant regulatory or administrative promulgations, and case law) of any Settlement Class Member, under any legal or equitable theory, including (i) those known or unknown or capable of being known, and (ii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today. This Release shall be included as part of any judgment, so that all Released Claims shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

    d. On the Effective Date, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, and each of his, her, or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees, and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge the Released Persons from any and all right, lien, title, or interest in any attorney's fee or award or any claim for reimbursement of costs in connection with the Action or the Released Claims, except as otherwise provided herein.

    e. With respect to all Released Claims, Plaintiff and each of the other Settlement Class Members who have not validly opted out of this Settlement agree that they are

expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

## ARTICLE VI – ATTORNEY'S FEES AND INCENTIVE AWARD

### 1. Attorney's Fees and Costs

a. No later than fourteen (14) days before the deadline for members of the Settlement Class to object to or opt out of the Settlement, Class Counsel may make written application to the Court for an award of Attorney's Fees and Costs incurred in the prosecution of the Action not to exceed, in the aggregate, one-third of the Settlement Fund (or one million three hundred thirty-three thousand three hundred thirty-three and thirty-three cents ($1,333,333.33)). The Court (and only the Court) shall determine the final amount of the Attorney's Fees and Costs, if any, in this Action.

b. All Attorney's Fees and Costs shall be paid out of the Settlement Fund. In the event the Court's award of Attorney's Fees and Costs is less than one-third of the Settlement Fund, the difference shall remain as part of the Settlement Fund. In the event the award of Attorney's Fees and Costs finally approved by the Court is less than the amount applied for, excepting appeal, no other relief may be sought from the Court under this Agreement, so as to

increase the award of Attorney's Fees and Costs or otherwise make up some or all of the shortfall.

c.     Subject to the terms and conditions of this Agreement, within fifteen (15) days after the Effective Date, and only in the event that the Court has made an award of Attorney's Fees and Costs to Class Counsel, the Settlement Administrator shall distribute from the Settlement Fund the amount of any Attorney's Fees and Costs awarded to Class Counsel. Said distribution shall be made via wire as directed by Class Counsel. Except as provided for in this Article, the Parties shall bear their own attorney's fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action.

**2.   Payment to Named Plaintiff**

a.     No later than fourteen (14) days before the deadline for members of the Settlement Class to object to or opt-out of the Settlement, Named Plaintiff may make written application to the Court for an Incentive Award of up to ten thousand dollars ($10,000.00) (in addition to any *pro rata* distribution he may receive as a Settlement Class Member) for his efforts on behalf of the class.  The Parties agree that the Court (and only the Court) shall determine the final amount, if any, of the Incentive Award in this Action.

b.     The Incentive Award shall be paid out of the Settlement Fund.  In the event the Incentive Award finally approved by the Court is less than the amount applied for, excepting appeal, no other relief may be sought from the Court under this Agreement, so as to increase the Award or make up some or all of the shortfall.

c.     Subject to the terms and conditions of this Agreement, within fifteen (15) days after the Effective Date, and only in the event that the Court has approved an Incentive

Award to the Named Plaintiff, the Settlement Administrator shall distribute from the Settlement Fund the amount of any Incentive Award. Said distribution shall be made as directed by Class Counsel.

### 3. Effect on Settlement

The Parties agree that the rulings of the Court regarding the amount of Attorney's Fees and Costs and Incentive Awards, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as provided for in this Settlement and that any determination in that regard will be embodied in a separate order from the Court. Any order or proceedings relating to the amount of Attorney's Fees and Costs or the Incentive Award, including any appeals from or modifications or reversals of any orders related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement Agreement, affect the Release provided for in the Settlement Agreement, or affect whether the Final Approval Order and Judgment becomes Final as defined herein. An award of Attorney's Fees and Costs or the Incentive Award that is less than the amount requested shall not be deemed a material alteration to the Settlement Agreement and shall not be grounds for termination of the Settlement Agreement.

### ARTICLE VII – LIMITATIONS ON USE OF SETTLEMENT AGREEMENT

### 1. No Admission

Neither the acceptance by Flagship of the terms of this Settlement Agreement nor any of the related negotiations or proceedings constitute an admission with respect to the merits of the claims alleged in the Action or in any other action, the validity or certifiability for litigation of any claims that are or could have been asserted by any of the Class Members or other persons in

the Action or in any other action, or the liability of Flagship in the Action or in any other action. Flagship specifically denies any liability or wrongdoing of any kind associated with the claims alleged in the Action.

### 2. **Limitations on Use**

This Settlement Agreement shall not be used, offered or received into evidence in the Action, or any other action or proceeding, for any purpose other than to enforce, to protect, to construe or to finalize the terms of the Settlement Agreement and/or to obtain the preliminary and final approval by the Court of the terms of the Settlement Agreement, without a court order; provided, however, the Settlement Agreement may be introduced and pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Settlement Agreement.

### 3. **Limitation on Publicity**

Neither Party shall issue any press release or shall otherwise initiate press coverage of the Settlement; nor shall Class Counsel publicize it on its website except for credential listings on attorney biographies.  If contacted by any member of the media, either Party may only respond generally by stating that they are satisfied that the Settlement was reached and that it was a fair and reasonable result.  Notwithstanding the foregoing, nothing herein shall prohibit Flagship from discussing the Settlement with any of its members, actual or potential investors, lenders or regulators.

### **ARTICLE VIII – MISCELLANEOUS PROVISIONS**

### 1. **Claims Against Settlement Benefits**

In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any of the Claimant Payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party.

## 2. **Counterparts**

This Settlement Agreement and any amendments hereto may be executed in one or more counterparts, and either Party may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument. A facsimile or PDF signature shall be deemed an original for all purposes.

## 3. **Integration Clause**

This Settlement Agreement, including the Exhibits referred to herein, which form an integral part hereof, contains the entire understanding of the Parties with respect to the subject matter contained herein. There are no promises, representations, warranties, covenants or undertakings governing the subject matter of this Settlement Agreement other than those expressly set forth in this Settlement Agreement. This Settlement Agreement supersedes all prior agreements and understandings between the Parties with respect to the settlement of the Action. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and their counsel and approved by the Court, and may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## 4. **Execution of Documents**

The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement. The execution of documents must take place prior to the date scheduled for hearing on preliminary approval of this Settlement Agreement.

## 5. **Independent Judgment and Advice of Counsel**

Each Party to this Settlement Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Settlement Agreement. The Parties acknowledge, agree, and specifically warrant to each other that they have read this Settlement Agreement, have received legal advice with respect to the advisability of entering into this Settlement, and fully understand its legal effect.

## 6. **Governing Law**

The Settlement Agreement shall be construed, enforced, and administered in accordance with the laws of the Commonwealth of Pennsylvania without regard to choice-of-law principles.

## 7. **Jurisdiction**

The Court shall retain jurisdiction, after entry of the Final Approval Order and Judgment, with respect to enforcement of the terms of this Settlement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement and any dispute with respect thereto.

## 8. **Exhibits**

The exhibits to this Settlement Agreement are an integral and material part of this Settlement Agreement and are hereby incorporated and made a part of this Settlement Agreement.

**9. No Assignments: Binding on Assigns**

Each Party represents, covenants, and warrants that he, she, or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that he or she herein releases. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, successors, and assigns.

**10. Terms and Conditions Not Superseded**

Nothing in this Settlement Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course to the relationship between Flagship and its customers, or to the services provided by Flagship and purchased by its customers, except as expressly set forth herein.

**11. Waiver of Compliance**

Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived in writing, to the extent permitted under applicable law, by the Party or Parties entitled to the benefit of such obligation, covenant, agreement, or condition. A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure.

**12. No Collateral Attack**

This Settlement Agreement shall not be subject to collateral attack by any Settlement Class Members or their representatives any time on or after the Effective Date. Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Class Member's claim should have been heard or decided by another court or in another suit, that a Class Member's claim was improperly denied, that the payment to a Class Member was improperly calculated, and/or that a Class Member failed to receive timely notice of the Settlement.

## 13. **Authorization**

The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to the terms and conditions hereof.

## 14. **No Tax Withholding or Advice**

Settlement Class Members shall be solely responsible for reporting and payment of any federal, state, and/or local income or other tax or any withholding, if any, on any of the benefits conveyed pursuant to this Settlement Agreement. Class Counsel and Flagship make no representations, and have made no representations, as to the taxability of the relief to Named Plaintiff and the other Settlement Class Members. Settlement Class Members, just like Class Counsel, the Settlement Class Representative, and Flagship, are responsible for seeking their own tax advice at their own expense.

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

**Plaintiff**:

_____        Dated: _____
Robert Ward


**Defendant**:

_____        Dated: _____
Michael C. Ritter
President & CEO


REVIEWED AND APPROVED AS TO FORM AND RECOMMENDED AS TO SUBSTANCE:

**ATTORNEYS FOR PLAINTIFF:**


_____        Dated: _____
LEMBERG LAW, LLC

**ATTORNEYS FOR DEFENDANT**


_____        Dated: _____
FOX ROTHSCHILD LLP

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

Plaintiff:

_____ Dated: __07-12-2018__

Robert Ward

**Defendant**:

_____ Dated: _____

Michael C. Ritter
President & CEO

REVIEWED AND APPROVED AS TO FORM AND RECOMMENDED AS TO SUBSTANCE:

**ATTORNEYS FOR PLAINTIFF**:

_____ Dated: _7/12/2018_

LEMBERG LAW, LLC

**ATTORNEYS FOR DEFENDANT**

_____ Dated: _____

FOX ROTHSCHILD LLP

34

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

**Plaintiff:**

Dated: _____

Robert Ward

**Defendant:**

Dated: _7/12/18_

Michael C. Ritter
President & CEO

REVIEWED AND APPROVED AS TO FORM AND RECOMMENDED AS TO SUBSTANCE:

**ATTORNEYS FOR PLAINTIFF:**

Dated: _____

LEMBERG LAW, LLC

**ATTORNEYS FOR DEFENDANT**

Dated: 7/12/18

FOX ROTHSCHILD LLP

34

# Exhibit 1

# *Robert Ward vs. Flagship Credit Acceptance*

VIVINTTCPA
For Official Use Only

If you wish to participate in the Settlement, please complete, sign, and submit this Settlement Claim Form.

To recover as part of this settlement, you *must*, provide the information requested in this Claim Form.  You may also download a copy of the Claim Form and mail it to the Claims Administrator.

All claims, whether mailed to the Claims Administrator or submitted online, must be postmarked or submitted by **[[[[   ]]]]**.

To complete this form, provide the information below and execute the certification.  The information below will be used to validate your claim and to coordinate issuance of your settlement check, if any.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## General Information

| | |
|---|---|
| _____ <br> Claim Number | _____ <br> Cell Phone Number at which you received the call (must complete if you do not have a Claim Number) |
| _____ <br> First Name (please print clearly) | (    ) _____ <br> Phone Number (optional) |
| _____ <br> Last Name (please print clearly) | _____ <br> Email (optional) |
| _____ <br> Street Address (please print clearly) | |
| _____ <br> City | _____ <br> State, Zip Code |

## Certification

By completing and submitting this Claim Form, *I certify and affirm that the information I am providing is true and correct to the best of my knowledge and belief, I am over the age of 18, and I wish to claim my share of the Settlement Fund.*

You agree that clicking the "Submit" button shall constitute your signature and acknowledgement of the terms of this Claim Form.

| | |
|---|---|
| _____ <br> Claimant Signature | _____ / _____ / _____ <br> Date |

## *Robert Ward vs. Flagship Credit Acceptance*

If you wish to participate in the Settlement, please complete, sign, and return this Settlement Claim Form.

To recover as part of this settlement, you *must*, provide the information requested in this Claim Form.

> You can complete and submit the Claim Form online by going to *www.[[[  ]]].com* or you can complete this claim form and mail it to [[[  ]]]
> .
> All claims, whether mailed to the Claims Administrator or submitted online, must be postmarked or submitted by **[[[  ]]]**.

To complete this form, provide the information below and execute the certification. Please print clearly, as the information below will be used to validate your claim and to coordinate issuance of your settlement check, if any.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### General Information

_____
Claim Number

_____
Cell Phone Number at which you
received the call (must complete if you
do not have a Claim Number)

_____
First Name (please print clearly)

(___)_____
Phone Number (optional)

_____
Last Name (please print clearly)

_____
Email Address (optional)

_____
Street Address (please print clearly)

_____
City

_____
State, ZIP Code

### Certification

By signing and submitting this Claim Form, I certify and affirm that the information I am providing is true and correct to the best of my knowledge and belief, I am over the age of 18 and I wish to claim my share of the Settlement Fund.

If you are submitting this Claim Form by mail, please sign and date below.

_____
Claimant Signature

_____/_____/_____
Date

# Exhibit 2

Robert Ward, *on behalf of himself and all others similarly situated*,

                Plaintiff,

v.

Flagship Credit Acceptance LLC,

                Defendant.

Civil Action No.: 2:17-cv-02069-MMB

## [PROPOSED] ORDER

**WHEREAS**, on _____, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Doc. No. ___);

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, a Final Approval Hearing was held on _____, 201___. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as

prescribed in the Preliminary Approval Order. Class Members were therefore notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of an Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Flagship Credit Acceptance LLC ("Flagship") having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order

of this Court.

4.      The Court has considered all objections to the Settlement, including the objections of _____.  The Court finds these objections do not counsel against Settlement approval and they are hereby overruled in all respects.

5.      The Settlement Class, which will be bound by this Final Approval Order and Judgment hereon, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6.      A list of those putative Settlement Class Members who have timely elected to opt out of the Settlement and the Settlement Class, and who therefore are not bound by the Settlement, this Order and the Judgment to be entered hereon, has been submitted to the Court in the Declaration of _____, filed in advance of the Final Approval Hearing.  That list is attached as <u>Exhibit A</u> to this Order.  All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, this Order and the Final Judgment to be entered hereon.

7.      For purposes of the Settlement and this Final Approval Order, the Court hereby certifies the following Settlement Class:

> All persons within the United States whom Flagship called on their cellular telephone through the use of any version of a TCN, LiveVox or Aspect dialing system and/or with an artificial or prerecorded voice at any time from May 13, 2013 to the date of preliminary approval.

8.      The putative Settlement Class Members identified on the list submitted to the Court and included on Exhibit A as having timely and properly elected to opt out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

9. For purposes of Settlement only, Plaintiff is certified as representative of the Settlement Class and Class Counsel is appointed counsel to the Settlement Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class with respect to the Settlement.

10. Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

11. The Court finds that the plan for Notice, set forth in Article IV, section 3 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude

themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

12.     The Court finds that Flagship has fully complied with CAFA's notice requirements.

13.     The Settlement Agreement is, in all respects, fair, reasonable and adequate, is in the best interests of the Settlement Class, and is therefore approved.

14.     All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15.     Within the time period set forth in Article III, section 3 of the Settlement Agreement, the cash distributions provided for in the Settlement Agreement shall be paid to the various Settlement Class members submitting Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16.     Upon the Effective Date, members of the Settlement Class who did not validly and timely opt out shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Flagship from all claims that were or could have been asserted in the Action, as specified in Article V of the Settlement Agreement.

17.     The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been

asserted in the Action or are in any way related to the calls at issue in the Action.

18.    The Final Approval Order, the Judgment to be entered hereon, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, used as, or be deemed to be evidence of, an admission by or against Flagship of any fault, wrongdoing, or liability on the part of Flagship or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action.  This Order, the Settlement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by Flagship or Settlement Class Members seeking to enforce the Settlement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

19.    The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order, the parties shall bear their own costs and attorney's fees.  Without affecting the finality of this Final Order in any way, the Court

reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

**IT IS SO ORDERED**.

DATED: _____, 2018        By: _____

                                    Michael M. Baylson
                                    United States District Judge

# Exhibit 3

<u>Post Card Notice</u>



### NOTICE FROM
### UNITED STATES DISTRICT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA
(not a lawyer solicitation)

A Settlement Agreement has been reached in a class action lawsuit alleging that Flagship Credit Acceptance LLC ("Flagship") used automatic telephone dialing systems and/or prerecorded voices to call cellular phones in violation of the Telephone Consumer Protection Act. Flagship's records show that you may have received these calls and may be entitled to payment under the Settlement Agreement reached in the case.

A settlement fund of $4,000,000.00 has been established to pay valid claims, attorney's fees, costs, any incentive award to the Class Representative and settlement administration costs. You may be entitled to receive an equal share of the fund. The final cash payment for Class Members will depend on the total number of valid and timely claims filed by all Class Members. Your legal rights are affected whether you act or don't act so read this notice carefully.

This Postcard Notice contains limited information about the Settlement. For more information or to submit an online Claim Form, visit SETTLEMENTWEBSITE.com

TCPA SETTLEMENT
CLAIMS ADMINISTRATOR
[[[  ]]]

[CLAIM ID IN DIGITS]
[CLAIM ID IN BARCODE]

Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

PRESORTED
FIRST-CLASS
MAIL

U.S. POSTAGE
PAID

If you wish to participate in the settlement, please complete, sign, and return this **Settlement Claim Form** or submit an Online Claim Form.

VIVINTTCPA
For Official Use Only

You must complete and submit a Claim Form by _____. You may submit a Claim Form online at <u>SETTLEMENTWEBSITE.com</u> or by completing and submitting this Claim Form to receive your share. The final amount per class member will depend on the total number of valid claim forms received and how the Court distributes the Settlement Fund.

_____
Claim Number

_____
Cell Phone Number at which you received the call
(must complete if you do not have a Claim Number)

_____
Name

_____
Phone Number (optional)

_____
Address

_____
Email (optional)

_____
City, State  Zip

**Certification**

By signing and submitting this Claim Form, I certify and affirm that the information I am providing is true and correct to the best of my knowledge and belief, I am over the age of 18 and I wish to claim my share of the Settlement Fund.

Signature: _____        Date: _____

*Robert Ward vs. Flagship Credit Acceptance* 17-cv-02069 (Eastern District of Pennsylvania)

*THIS CARD PROVIDES LIMITED INORMATION ABOUT THE SETTLEMENT* VISIT www.SETTLEMENTWEBSITE.com FOR MORE INFORMATION

In the lawsuit, the Plaintiff alleges that Flagship violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 when it called him on his cellular telephone using an automatic telephone dialing system and/or a prerecorded voice. Flagship denies any wrongdoing, denies that it did not have prior express consent and denies that it violated the Telephone Consumer Protection Act or any other law. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. You can read Plaintiff's Complaint, the Settlement Agreement, other case documents, and submit a claim form at *www._____.com*

**Who's Included in the Settlement Class?** All persons whom Flagship called on their cellular telephone through the use of any version of a TCN, LiveVox or Aspect dialing system and/or with an artificial or prerecorded voice at any time from May 5, 2013 to [[[]]].

**What Can You Get?** Class Members who submit a valid and timely Claim Form are entitled to a share of the Settlement Fund. The final cash payment will depend on the total number of valid and timely claims filed by all Class Members. Each claiming Class Member will be entitled to an equal share of the Settlement Fund ($4,000,000.00), after deductions from the fund for administrative costs, attorney's fees and expenses, any incentive award to the Class Representative (Robert Ward). The final cash payment will depend on the total number of valid and timely claims filed by all Class Members. The Settlement is explained in detail in the Full Notice and in the Settlement Agreement available at *www._____.com*.

**How to Get Money?** To qualify for payment, you must submit a valid Claim Form to [[[ ]]] or submit an Online Claim Form by **DATE**.

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE** or you will not be able to sue the Defendant for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by **DATE**. The Full Notice, located at the website listed below, explains how to exclude yourself from, or object to, the Settlement. The Court will hold a hearing in this case on _____, at _____ **p.m.** to consider whether to approve the Settlement, Plan of Allocation, and a request by Class Counsel for up to a third of the Settlement Fund in attorneys' fees and expenses. You may attend the hearing and ask to be heard by the Court, but you do not have to.

You may retain your own lawyer at your expense. If you retain your own attorney, they may attend the fairness hearing and appear in this action on your behalf.

**If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against the Defendant.**

For more information or a Claim Form: 800-xxx-xxxx or www.SETTLEMENTWEBSITE.com
**Do not contact the Court, Defendant or its counsel with questions. You may contact Class Counsel at [XXXXXXXXXXXX]**

AFFIX
POSTAGE
HERE

**SETTLEMENT NAME**
**c/o Claims Administrator**
**PO BOX XXXXX**
**MILWAUKEE, WI  53217**

# Exhibit 4

# Long Form Notice

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
---------------------------------------------------------------X
Robert Ward, *on behalf of himself and all others*
*similarly situated*,



        Plaintiff,

v.

Flagship Credit Acceptance LLC,

        Defendant.
---------------------------------------------------------------X

NOTICE REGARDING RIGHT TO BENEFIT FROM
CLASS ACTION SETTLEMENT

A Settlement Agreement has been reached in a class action lawsuit alleging that Flagship Credit Acceptance LLC ("Defendant" or "Flagship") used an automatic telephone dialing system and/or prerecorded voices to call cellular telephones in violation of the Telephone Consumer Protection Act. Flagship's records show that you may have received these calls and may be entitled to payment under the Settlement Agreement reached in the case.

A settlement fund of $4,000,000.00 has been established to pay valid claims, attorney's fees, costs, any incentive award to the Class Representative (Robert Ward) and settlement administration costs. You are entitled to receive a share of the fund. The final cash payment will depend on the total number of valid and timely claims filed by all Class Members. Your legal rights are affected whether you act or don't act so read this notice carefully.

| YOUR OPTIONS | |
|---|---|
| **Option 1:**<br>**Submit a Claim Form**<br>**Deadline: _____** | **Complete and submit a Claim Form and receive a share of the Settlement Fund**<br>By completing and submitting a Claim Form you may recover an equal share of the Settlement Fund. This is the only way to claim and receive from the Fund. |
| **Option 2:**<br>**Ask to be Excluded**<br>**Deadline: _____** | **Get out of this lawsuit and get no benefits from it**<br>You may ask to be excluded from the lawsuit. By excluding yourself, you cannot recover as part of this settlement and you keep a right to sue on your own. |
| **Option 3:**<br>**Deadline: _____** | **Object to the terms of the Settlement Agreement.**<br>You may object to the terms of the Settlement Agreement and have your objections heard at the [[[[ ]]]] Fairness Hearing. |

**1.      What is this lawsuit about?**

In the lawsuit, the Plaintiff alleges that Flagship violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 when it called him on his cellular telephone using an automatic telephone dialing system.  Plaintiff alleges that Flagship was calling his number searching for someone else and continued to call him after he informed Flagship it was calling the wrong number and asked it to stop.

Flagship denies any wrongdoing, denies that it did not have prior express written consent and denies that it violated the Telephone Consumer Protection Act or any other law.

Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation.

You can read Plaintiff's Complaint, the Settlement Agreement, other case documents, and submit a claim form at *www._____.com*

**2.      Why is this a class action?**

In a class action, a Class Representative (in this case, plaintiff Robert Ward) sues on behalf of a group (or a "Class") of people.  Here, the Class Representative sued on behalf of people who have similar claims regarding automated calls to their cellular telephones by Flagship.

**3.      Why is there a settlement?**

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to Plaintiff's and the Class claims.

**4.      How do I know if I am a part of the settlement?**

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> All persons whom Flagship called on their cellular telephone through the use of any version of a TCN, LiveVox or Aspect dialing system and/or with an artificial or prerecorded voice at any time from May 5, 2013 to the date of preliminary approval.

**5.      How do I recover?**

Submit a Claim Form.  This is the only way to get a payment.  You have the right as a member of the Settlement Class to receive an equal share of the Settlement Fund.

The final cash payment will depend on the total number of valid and timely claims filed by all Class Members.  Each claiming Class Member will be entitled to an equal share of the Settlement Fund, after deductions from the fund for administrative costs, attorney's fees and expenses and any incentive award to the plaintiff.

You can submit a claim form online at *www._____.com*

Or, you can download the Claim Form online and mail it to:

[[[[ ]]]]

All claim forms must be mailed or filed online no later than _____.

After all valid claim forms are counted, the Settlement Administrator will provide each claiming Settlement Class Member their share of the Settlement Fund after the deductions above.  Any excess settlement funds or benefit checks not cashed by Settlement Class Members will be provided to a charitable organization.  The parties have recommended the JumpStart Coalition for Personal Financial Literacy as an appropriate organization.

**6.      What am I giving up to receive these benefits?**

By staying in the Class, all of the Court's orders will apply to you, and you give Flagship a "release." A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit with respect to the claims in the action and you will be bound by the Settlement Agreement.

**7.      How much will the Class Representatives receive?**

The Class Representative will receive his portion of the settlement as a Class Member and a payment of up to $10,000 as an incentive award for having pursued this action. Any incentive payment is subject to Court Approval. The Class Representative will file a motion for his incentive award by [[[[  ]]]].

**8.      Do I have a lawyer in this case?**

To represent the class, the Court has appointed attorneys with the law firm of Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897 as "Class Counsel."

Class Counsel will request an award of attorney's fees and expenses from the Court of up to a third of the Settlement Fund. Any attorney's fee and expense award is subject to Court Approval.

Class Counsel will make their request for attorney's fees and expenses by [[[[  ]]]].

You may hire your own attorney to represent you in this matter. Your counsel may appear on your behalf at the Fairness Hearing. If you retain your own counsel, such retention will be at your own expense.

**9.      I don't want to be part of this case, how do I ask to be excluded?**

Answer: Send a Request to Be Excluded.

If you don't want a payment from this settlement, but you want to keep the right to individually sue the Defendant about the issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself, or "opting out", of the Settlement Class. To exclude yourself, you <u>must</u> send a letter by mail that (i) states your full name, address and telephone number, (ii) contains the cellular telephone number as to which you seek exclusion, (iii) contains your signature or the signature of the person authorized by law to sign on behalf of the Class Member, and (iv) states unequivocally that the Class Member's intent is to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

You must mail your exclusion request postmarked no later than [insert date] to:

[[[[  ]]]]

**10.    How do I object?**

Any Settlement Class Member who has not requested to be excluded from the Settlement Class may object to the Settlement. In order to exercise this right, you must submit your objection to the settlement administrator and the Court. Class Counsel will file any objections submitted to the administrator with the Court. Your objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member that brings him or her within the scope of the Settlement Class; (iii) contain the Settlement Class Member's original signature or signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to

submit in support of his/her position.

Class Counsel and the Class Representative will move for attorney's fees and expenses and any incentive award, respectively, by [[[[ ]]]]. To view the motions for attorney's fees and expenses or the motion for an incentive award you may (1) access them on this settlement website, www._____.com under "Court Documents and Information," where they will be posted upon filing or (2) by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania at 601 Market Street, Philadelphia, PA, 19106 or (3) by reviewing the motions online through the Public Access to Court Electronic Resources System (PACER), available online at www.pacer.gov.

To submit an objection mail your objection to the Settlement Administrator by _____, to address:

[[[[ ]]]]

### **The Fairness Hearing**

The Court will hold a fairness hearing on [[[[ ]]]] in the courtroom of the Honorable Michael M. Baylson, U.S. Courthouse, Eastern District of Pennsylvania at 601 Market Street, Philadelphia, PA, 19106. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to rule on applications for compensation for Class Counsel and an incentive award for the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

You may appear at the Fairness Hearing. If you retain your own counsel, they may appear on your behalf.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

### **FOR MORE INFORMATION**

Additional documents, including case documents, are available at www.SETTLEMENTWEBSITE.com and all papers filed in this action are available through the Public Access to Court Electronic Resources System (PACER), available online at www.pacer.gov.

# Exhibit 5

Robert Ward, *on behalf of himself and all others similarly situated*,

           Plaintiff,

v.

Flagship Credit Acceptance LLC,

           Defendant.

Civil Action No.: 2:17-cv-02069-MMB

## **[PROPOSED] PRELIMINARY APPROVAL ORDER**

**WHEREAS**, plaintiff Robert Ward ("Plaintiff") and defendant Flagship Credit Acceptance LLC ("Flagship") have reached a proposed Settlement of this Action, which is set forth in the Settlement Agreement filed with the Court; and

**WHEREAS**, Plaintiff and Flagship have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS**, the Court has fully considered the record of these proceedings, the Settlement Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties and the requirements of law; and

**WHEREAS**, it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed Settlement to finally determine whether the proposed

Settlement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.      The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the approval of the Settlement.

3.      The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations involving mediation before the Honorable Joel B. Rosen (Ret.), former United States Magistrate Judge for District of New Jersey and an experienced mediator.

4.      For purposes of the Settlement only, the Court conditionally certifies the following Settlement Class:

> All persons whom Flagship called on their cellular telephone through the use of any version of a TCN, LiveVox or Aspect dialing system and/or with an artificial or prerecorded voice at any time from May 5, 2013 to the date of preliminary approval.

5.      The Court preliminarily finds, for Settlement purposes only, that:

a.      The above-described Settlement Class is so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact common to the Settlement Class;

c. The claims of the Settlement Class Representative is typical of the claims of the Settlement Class;

d. The Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class;

e. The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

f. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court notes that, because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 335 (3d Cir. 2011); *see also In re Comcast Corp. Set–Top Cable Television Box Antitrust Litig.*, 656 F. App'x 8, 9 (3d Cir. 2016).

6. The Court finds that it has personal jurisdiction over all Class Members, including the absent Class Members.

7. The Named Plaintiff, Robert Ward, shall be the Settlement Class Representative of the Settlement Class. This Court preliminarily finds that he will fairly and adequately represent and protect the interests of the absent Class Members.

8. The Court approves Lemberg Law, LLC, Sergei Lemberg and Stephen F. Taylor, as settlement Class Counsel. This Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

9. The Court approves the Class Experts Group, LLC, to serve as the Settlement Administrator in this Action.

10. If the Settlement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Settlement Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

11. A Final Approval Hearing shall be held before this Court on _____, 201__, to address: (a) whether the Court should finally certify the Settlement Class and whether the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class; (b) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; (c) whether the Released Claims of the Settlement Class in this Action should be dismissed on the merits and with prejudice; (d) whether Class Counsel's Attorney's Fees and Costs application and the Incentive Award for Named Plaintiff should be approved; and (e) such other matters as the Court may deem necessary or appropriate. Papers in support of final approval of the Settlement, the Incentive Award to Named Plaintiff, and Class Counsel's Attorney's Fees and Costs application shall be filed with the Court according to the schedule set forth in Paragraph 20 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in

accordance with the Settlement Agreement that will adjudicate the rights of all Class Members with respect to the Released Claims being settled. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by Flagship and the Class Representative and without further notice to the Settlement Class.

12. The Court approves, as to form and content, the use of a Claim Form, Postcard Notice and Long Form Notice substantially similar to the forms attached as <u>Exhibits 1, 3 and 4</u> to the Settlement Agreement, respectively. Written Notice will be provided to members of the Settlement Class by first-class U.S. mail using Flagship's records as well as other investigations deemed appropriate by the Settlement Administrator, updated by the Settlement Administrator in the normal course of business. All Notices shall be mailed within 40 days of the date of entry of this Preliminary Approval Order. Prior to the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with these notice provisions.

13. The cost of Notice and settlement administration shall be paid by Flagship and from the Settlement Fund, as provided for in the Settlement Agreement.

14. The Court finds that Flagship has fully complied with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 by providing the notices described in Flagship's Certificate of Compliance.

15. The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to

receive such notice, and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23.

16.     Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 30 days before the Final Approval Hearing.

17.     Each request for exclusion, or "Opt-Out," must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. Further, to be valid and treated as a successful exclusion or "Opt-Out," the request must (a) state the Class Member' full name, address, and telephone number; (b) contain the cellular telephone number at which calls from Flagship were received; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action; and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

18.     No person shall purport to exercise any exclusion rights for any other Person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void

and the Person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

19.      Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

20.      Any Class Member who does not submit a valid and timely request for exclusion may submit objections to the proposed Settlement.  Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court a written notice of intention to appear together with supporting papers, including a detailed statement of the specific objections made, no later than 30 days before the Final Approval Hearing.  Each Objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member that brings him or her within the scope of the Settlement Class; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position. Any Class Member that fails to do object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or

otherwise and shall be bound by all of the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Action.

21.     Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DATE |
|---|---|
| Notice mailing deadline | 75 days after entry of Preliminary Approval Order |
| Last day for Class Members to opt-out of Settlement | 30 days prior the Final Approval Hearing |
| Last day for objections to the Settlement to be filed with the Court | 30 days prior the Final Approval Hearing |
| Last day to submit a Valid Claim Form | 30 days prior the Final Approval Hearing |
| Briefs in support of Final Approval due by | 14 days prior to the Final Approval Hearing |
| Attorney's Fees and Costs application due by | 14 days prior to the Final Approval Hearing |
| Incentive Award application due by | 14 days prior to the deadline to opt-out or object |
| CAFA compliance certification due by | 14 days prior to the Final Approval Hearing |
| Parties file responses to objections, if any | 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 75 days after the Notice mailing deadline (150 days from preliminary approval) |

22.     Service of all papers on counsel for the parties shall be made as follows: for settlement Class Counsel: to Stephen F. Taylor, Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897; for Defendant: Gerald E. Arth, Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, PA 19103.

23.     In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be

used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other action. In such event the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

24.     The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

25.     No discovery with regard to the Settlement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery.

26.     All discovery and other litigation activity in this Action is hereby stayed pending final approval of the Settlement.

27.     The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation by Flagship, which vigorously denies all of the claims and allegations raised in the Action.


**IT IS SO ORDERED.**


DATED: _____, 2018          By: _____
                                              Michael M. Baylson
                                              United States District Judge

10

# Exhibit 5

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Robert Ward, *on behalf of himself and all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>Flagship Credit Acceptance LLC,<br><br>        Defendant. | Civil Action No.: 2:17-cv-02069-MMB |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

**WHEREAS**, plaintiff Robert Ward ("Plaintiff") and defendant Flagship Credit Acceptance LLC ("Flagship") have reached a proposed Settlement of this Action, which is set forth in the Settlement Agreement filed with the Court; and

**WHEREAS**, Plaintiff has applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS**, the Court has fully considered the record of these proceedings, the Settlement Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties and the requirements of law; and

**WHEREAS**, it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed Settlement to finally determine whether the proposed Settlement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.      The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the approval of the Settlement.

3.      The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations involving mediation before the Honorable Joel B. Rosen (Ret.), former United States Magistrate Judge for District of New Jersey and an experienced mediator.

4.      For purposes of the Settlement only, the Court conditionally certifies the following Settlement Class:

> All persons whom Flagship called on their cellular telephone through the use of any version of a TCN, LiveVox or Aspect dialing system and/or with an artificial or prerecorded voice at any time from May 5, 2013 to the date of preliminary approval.

5.      The Court preliminarily finds, for Settlement purposes only, that:

a.      The above-described Settlement Class is so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact common to the Settlement Class;

c.      The claims of the Settlement Class Representative is typical of the claims of the Settlement Class;

d.      The Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class;

e.      The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

f.      Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court notes that, because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation.  *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 335 (3d Cir. 2011); *see also In re Comcast Corp. Set–Top Cable Television Box Antitrust Litig.*, 656 F. App'x 8, 9 (3d Cir. 2016).

6.      The Court finds that it has personal jurisdiction over all Class Members, including the absent Class Members.

7.      The Named Plaintiff, Robert Ward, shall be the Settlement Class Representative of the Settlement Class.  This Court preliminarily finds that he will fairly and adequately represent and protect the interests of the absent Class Members.

8.      The Court approves Lemberg Law, LLC, Sergei Lemberg and Stephen F. Taylor, as settlement Class Counsel.  This Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

9.      The Court approves the Class Experts Group, LLC, to serve as the Settlement Administrator in this Action.

10.     If the Settlement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Settlement Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

11.     A Final Approval Hearing shall be held before this Court on _____, 201__, to address: (a) whether the Court should finally certify the Settlement Class and whether the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class; (b) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; (c) whether the Released Claims of the Settlement Class in this Action should be dismissed on the merits and with prejudice; (d) whether Class Counsel's Attorney's Fees and Costs application and the Incentive Award for Named Plaintiff should be approved; and (e) such other matters as the Court may deem necessary or appropriate.  Papers in support of final approval of the Settlement, the Incentive Award to Named Plaintiff, and Class Counsel's Attorney's Fees and Costs application shall be filed with the Court according to the schedule set forth in Paragraph 20 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members with respect to the Released Claims being settled.  The Court may finally approve the

Settlement at or after the Fairness Hearing with any modifications agreed to by Flagship and the Class Representative and without further notice to the Settlement Class.

12.     The Court approves, as to form and content, the use of a Claim Form, Postcard Notice and Long Form Notice substantially similar to the forms attached as <u>Exhibits 1, 3 and 4</u> to the Settlement Agreement, respectively.  Written Notice will be provided to members of the Settlement Class by first-class U.S. mail using Flagship's records as well as other investigations deemed appropriate by the Settlement Administrator, updated by the Settlement Administrator in the normal course of business. All Notices shall be mailed within 40 days of the date of entry of this Preliminary Approval Order.  Prior to the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with these notice provisions.

13.     The cost of Notice and settlement administration shall be paid by Flagship and from the Settlement Fund, as provided for in the Settlement Agreement.

14.     The Court finds that Flagship has fully complied with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 by providing the notices described in Flagship's Certificate of Compliance.

15.     The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive such notice, and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23.

16. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 30 days before the Final Approval Hearing.

17. Each request for exclusion, or "Opt-Out," must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. Further, to be valid and treated as a successful exclusion or "Opt-Out," the request must (a) state the Class Member' full name, address, and telephone number; (b) contain the cellular telephone number at which calls from Flagship were received; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action; and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

18. No person shall purport to exercise any exclusion rights for any other Person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void and the Person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

19.     Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

20.     Any Class Member who does not submit a valid and timely request for exclusion may submit objections to the proposed Settlement.  Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court a written notice of intention to appear together with supporting papers, including a detailed statement of the specific objections made, no later than 30 days before the Final Approval Hearing.  Each Objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member that brings him or her within the scope of the Settlement Class; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; and (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position. Any Class Member that fails to do object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Action.

21.    Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DATE |
|---|---|
| Notice mailing deadline | 75 days after entry of Preliminary Approval Order |
| Last day for Class Members to opt-out of Settlement | 30 days prior the Final Approval Hearing |
| Last day for objections to the Settlement to be filed with the Court | 30 days prior the Final Approval Hearing |
| Last day to submit a Valid Claim Form | 30 days prior the Final Approval Hearing |
| Briefs in support of Final Approval due by | 14 days prior to the Final Approval Hearing |
| Attorney's Fees and Costs application due by | 14 days prior to the Final Approval Hearing |
| Incentive Award application due by | 14 days prior to the deadline to opt-out or object |
| CAFA compliance certification due by | 14 days prior to the Final Approval Hearing |
| Parties file responses to objections, if any | 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 75 days after the Notice mailing deadline (150 days from preliminary approval) |

22.    Service of all papers on counsel for the parties shall be made as follows: for settlement Class Counsel: to Stephen F. Taylor, Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897; for Defendant: Gerald E. Arth, Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, PA 19103.

23.    In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other

action. In such event the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

24.     The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

25.     No discovery with regard to the Settlement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery.

26.     All discovery and other litigation activity in this Action is hereby stayed pending final approval of the Settlement.

27.     The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation by Flagship, which vigorously denies all of the claims and allegations raised in the Action.


**IT IS SO ORDERED.**


DATED: _____, 2018                 By: _____
                                                              Michael M. Baylson
                                                              United States District Judge

# Exhibit 6

| | |
|---|---|
| Robert Ward, *on behalf of himself and all others similarly situated*,<br><br>     Plaintiff,<br><br>v.<br><br>Flagship Credit Acceptance LLC,<br><br>     Defendant. | Civil Action No.: 2:17-cv-02069-MMB |

## **[PROPOSED] FINAL JUDGMENT**

The Court has entered Final Approval of the parties' Settlement. Accordingly, Plaintiff's and the Settlement Class Members' claims against Flagship Credit Acceptance LLC are hereby **DISMISSED WITH PREJUDICE**, and this Final Judgment shall issue consistent with Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

DATED: _____, 2018    By: _____
                  Michael M. Baylson
                  United States District Judge