UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Ward, *on his own behalf and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Flagship Credit Acceptance LLC,<br><br>Defendant | Civil Action No.: 2:17-cv-02069-MMB |

### DECLARATION OF STEPHEN TAYLOR IN SUPPORT OF MOTION FOR CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT

I, Stephen Taylor, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1. I am a Senior Attorney at Lemberg Law, LLC, of Wilton, Connecticut. We have been retained by Plaintiff Robert Ward to represent his interests against Defendant. I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

2. In addition to being licensed to practice law in the states of Connecticut and New York, I am admitted to the following Federal District Courts: the Southern, Eastern, Western and Northern Districts of New York; the Southern, Eastern, and Northern Districts of Texas; the District of Colorado; the Central and Northern Districts of Illinois; the Eastern District of Michigan and the District of Connecticut. I am a member in good standing in both Connecticut and New York and appear in this matter *pro hac vice*.

3. I am a 2007 graduate of Tulane University School of Law and a 2003 graduate from Boston College. I am a former judicial clerk and worked for the Connecticut firm the Law Office of Norman Pattis before joining Lemberg Law in 2009.

4. I have extensive experience in consumer rights litigation including matters brought under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") the Magnuson Moss Federal Act, the Truth in Lending Act, and a variety of state consumer protection statutes.

5. I have extensive experience in class action litigation and have been certified as class counsel in numerous cases. *See, e.g., Lavigne v. First Community Bancshares, Inc., et al.*, 2018 WL 2694457, at *5 (D.N.M. June 5, 2018) (certifying TCPA class action and appointing undersigned as class counsel); *Munday v. Navy Federal Credit Union*, ECF No. 60, 15-cv-01629 (C.D. Cal., July 14, 2017) (final approval of class settlement of $2.75MM in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, No. CV 15-3509, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Vinas v. Credit Bureau of Napa County Inc.*, Dkt. No. 112, 14-cv-3270 (D. Md. February 22, 2017) (order granting final approval of FDCPA class action settlement); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM in TCPA action); *Oberther v. Midland Credit Management*, Doc. No. 90, 14-cv-30014 (D. Ma. July 13, 2016) (order granting final approval of FDCPA class action settlement); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action).

6. We have litigated this case on behalf of Mr. Ward and the proposed class since May 2017 when Mr. Ward contacted the firm regarding calls to him by Defendant Flagship Credit Acceptance LLC ("Flagship").

7. Following our investigation of Mr. Ward's claims and of Flagship, we drafted a class action complaint and filed the same on Mr. Ward's behalf on May 5, 2017.

8. Shortly thereafter, we were in contact with counsel for Flagship regarding Mr. Ward's claims. This began the Parties' discussions regarding Mr. Ward's claims.

9. While the Parties sought, and the Court granted, extensions of Flagship's deadline to respond to the complaint, the Parties exchanged hundreds of pages of documents, call recordings, other documentary evidence related to Plaintiff's claims and conferred about what such documents revealed and the legal implications of the same.

10. The Parties conferral resulted in an agreement to seek to mediate the case and determine if the matter could be resolved on a class-wide basis. As a condition for such mediation, Plaintiff required that Flagship disclose how many cellular telephones it had called with an automatic telephone dialing system during the class period such that any mediation could be meaningful. With that information we would be able to gauge what a fair and reasonable recovery to a Settlement Class would entail and require.

11. On November 16, 2017, the Parties conducted a full day of negotiations before the Honorable Joel Rosen, an experienced mediator and retired United States Magistrate Judge in the District of New Jersey. Prior to the mediation we consulted with Judge Rosen and submitted detailed mediation briefs regarding the issues in the case, the strengths and potential weaknesses of our position, the structure of a settlement, what Flagship's liability would entail where

Plaintiff to succeed in litigation and what a fair and reasonable settlement would entail given the results in similar cases. The mediation session was adversarial, all encompassing but resulted in dead lock and no settlement.

12. The Parties did agree to continue discussions. Specifically, the Parties agreed that Flagship would provide additional data on the putative class size which Plaintiff believed was necessary to evaluate any settlement. Over the next several months, the Parties engaged in extensive back-and-forths regarding data sampling, data production and further conferred with Judge Rosen.

13. On February 13, 2018, the Parties reconvened for a second full day mediation session before Judge Rosen. This session was productive and, following several additional conferences with Judge Rosen and exchanges of additional class information, the Parties reached an agreement in principal on April 30, 2018.

14. The details of the settlement have been formalized in the Parties' Settlement Agreement now under consideration with the Court. The Settlement Agreement provides that:

- Defendant will establish a Settlement Fund in the amount of four million dollars ($4,000,000.00), which is the maximum and total amount Defendant shall be required to pay to the Settlement Class pursuant to the agreement;

- The amounts in the Class Action Settlement Fund set forth above shall be distributed *pro-rata* to all members of the Class, after reduction for costs, attorneys' fees and any incentive award, who timely submit a valid claim form; and

- Class members are given notice of the settlement and the opportunity to exclude themselves from the Settlement or to object.

15. Completion of any settlement was made contingent on confirmatory discovery by

Plaintiff into several aspects of the class size, composition, and other relevant issues. To that end, Flagship provided a declaration from a technology manager at Flagship, detailed class data, and, on June 26, 2018, I deposed the same individual.

16. This discovery confirmed the size of the class and the dialers used and that between May 5, 2013, through May 31, 2018, 178,944 unique cellular numbers were called by three Flagship ATDS: Aspect (11,276 unique numbers); TCN (33,855 unique numbers); and LiveVox (133,813 unique numbers).

17. This discovery confirmed the complete dial histories (cell and non-cell alike) of all three dialers were queried against Lexis-Nexis databases and Flagship's own internal records to identify the cellular numbers.

18. This discovery confirmed that, following preliminary approval, updated data for the post-May 31, 2018 period can and will be provided by Flagship.

19. I recommended that the class representative accept the settlement as it represents a fair and reasonable resolution of class claims.

20. My recommendation that these terms be accepted is based on my extensive familiarity with the case. We have aggressively pursued this case and discovered all facets necessary to make a well informed decision on the merits of this settlement. Given my knowledge of the case, its strengths and weaknesses, and my assessment of the risk to any recovery were the matter to proceed to summary judgment or trial; I find the settlement to be a fair and reasonable resolution of disputed claims.

21. My recommendation is also grounded in my experience in class action litigation which informs my judgment that the terms of the settlement are fair and reasonable. *See generally Lavigne*, 2018 WL 2694457 at *5; *Brown*, 2017 WL 1021025 at *1; *Duchene*, 2016

WL 6916734.

22. To administer the class the Parties have selected and engaged the Class Experts Group, LLC ("CEG"), as the Settlement Administrator. CEG possess experience in class action administrator with extensive experience in TCPA class settlements. (See Declaration Anya Verkhovskaya Regarding Class Settlement Notice Plan).

23. The Parties have asked CEG to provide an estimate of the costs to send the proposed notice to the settlement class and to administer claims. CEG provided an estimate of $167,927.00.

24. Based on the foregoing, I respectfully request the Court preliminarily approve the class settlement agreement, direct notice be sent to the class and schedule a fairness hearing.

I declare under penalty of perjury that the above is true and correct.

Dated: July 12, 2018

_____
Stephen Taylor