## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Ward, *on his own behalf and on behalf of all others similarly situated,*<br><br>                              Plaintiff,<br><br>v.<br><br>Flagship Credit Acceptance LLC,<br><br>                              Defendant | Civil Action No.: 2:17-cv-02069-MMB |

## DECLARATION OF SERGEI LEMBERG IN SUPPORT OF MOTION FOR CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT

I, Sergei Lemberg, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1.     I am the principal of Lemberg Law, LLC.  I am a consumer rights attorney experienced in prosecuting actions under various Federal and State consumer protection statutes. I am a 1997 graduate of Brandeis University with a degree in Economics and a Minor in Accounting, a 2001 graduate of University of Pennsylvania School of Law and now the principal of Lemberg Law L.L.C.

2.     Prior to starting my own law firm, I held positions in the New York offices of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and practiced corporate bankruptcy and reorganization law at Andrews Kurth LLP and Day Pitney LLP.  I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

3.     I am a member in good standing of the bars of Massachusetts, Connecticut, Georgia, New York and Pennsylvania.  I am also admitted to practice before the First, Second, Third, Fifth, Seventh, Ninth and Eleventh Circuit Courts of Appeal.  I am admitted to practice before the following Federal courts: the District of Massachusetts, Eastern and Western Districts

of Arkansas; the District of Connecticut; the Northern and Middle Districts of Georgia; the

Northern, Central and Southern Districts of Illinois; the District of Maryland; the Eastern and

Western Districts of Michigan; the Eastern District of Missouri; the District of Nebraska; the

Northern, Southern, Eastern and Western Districts of New York; the Northern District of Ohio;

the Northern, Eastern and Western Districts of Oklahoma; the Western District of Texas; the

Eastern, Middle and Western Districts of Pennsylvania

4.      My firm's decisions on consumer right's matters include but are not limited to:

*Manuel v. NRA Grp. LLC*, 722 F. App'x 141, 142 (3d Cir. 2018); *Pollard v. Law Office of Mandy
L. Spaulding*, 766 F.3d 98 (1st Cir. 2014); *Scott v. Westlake Servs. LLC*, 2014 WL 250251 (7th
Cir. Jan. 23, 2014); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012);
*LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992
(D.N.M. Oct. 19, 2016); *Butto v. Collecto, Inc*, 290 F.R.D. 372, 395-396 (E.D.N.Y. 2013);
*Cerrato v. Solomon & Solomon*, 909 F.Supp.2d 139 (D. Conn. 2012); *Zimmerman v. Portfolio
Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011); *Davis v. Diversified Consultants, Inc.*,
2014 WL 2944864 (D. Mass. June 27, 2014); *Hudak v. The Berkley Grp., Inc.*, 2014 WL 354666
(D. Conn. Jan. 23, 2014); *Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813
(S.D.N.Y. Dec. 12, 2013); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13,
2012).

5.      I and my firm have been certified as class counsel, in both contested proceedings

and in settlement, in the following matters: *Lavigne v. First Community Bancshares, Inc., et al.*,

2018 WL 2694457, at *5 (D.N.M. June 5, 2018) (certification in Telephone Consumer Protection

Act ("TCPA") action); *Munday v. Navy Federal Credit Union*, ECF No. 60, 15-cv-01629 (C.D.

Cal., July 14, 2017) (final approval of class settlement of $2.75MM in TCPA action); *Brown v.*

*Rita's Water Ice Franchise Co. LLC*, No. CV 15-3509, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM common fund in TCPA action); *In Re: Convergent Telephone Consumer Protection Act Litigation*, ECF No. 268, 3:13-md-02478 (D. Conn., November 10, 2016) (final approval of class settlement consisting of $5.5MM common fund in TCPA action); *Oberther v. Midland Credit Management*, Doc. No. 90, 14-cv-30014 (D. Mass. July 13, 2016) (Fair Debt Collection Practice Act ("FDCPA") class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) (FDCPA class action); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Douma v. Law Offices of Mitchell N. Kay P.C.*, 09-cv-9957 (S.D.N.Y.) (FDCPA class action); *Waiters v. Collection Tech., Inc.*, 10-cv-02514 (S.D.N.Y.) (FDCPA class action).

6.     I have been interviewed and asked to contribute on multiple occasions by the media regarding various matters that I worked on, such as the Boston Herald, NorthJersey.com, Newsweek, The Leader Herald, PatriotLedger.com, Law360, Texas Lawyer, ABC News, Chanel 7 in Boston, McClatchy, AOL Autos, Connecticut Law Tribune, Philly.com, the Los Angeles Times, Consumer Reports.org, Syracuse.com, Daily News, Harford Advocate.com and the Boston Herald.

7.      I have co-authored the definitive compilation of form complaints in Connecticut, Connecticut Civil Complaints for Business Litigation, contributing form complaints for the Lemon Law and Auto Fraud sections.

8.      I am also the former Chair of the Consumer Law Section of the Connecticut Bar Association. I held that position from 2014 to 2015.  I have been a guest speaker at the Professional Association for Customer Engagement conference in 2014 and the National Debt Collection Forum in 2016.  In both instances I spoke about best practices that should be or are adopted in the debt collection profession from the perspective of a consumer advocate.

9.      In May 2017, Robert Ward retained my office to represent him regarding automated telephone calls on his cellular telephone he was receiving from Flagship Credit Acceptance LLC ("Flagship"). After further investigations and consultations with Mr. Ward, he decided to proceed in the matter as a class representative and seek relief for himself and a class of similarly situated consumers.

10.     On behalf of Mr. Ward and the class, we initiated a lawsuit on May 5, 2017. Shortly thereafter, we were contacted by counsel for Flagship regarding the complaint.

11.     As part of our initial discussions with Flagship, we discussed possible resolution with Flagship seeking an individual resolution and Plaintiff seeking a class-wide resolution.

12.     While the Parties sought, and the Court granted, extensions of Flagship's deadline to respond to the complaint, the Parties exchanged hundreds of pages of documents, call recordings, other documentary evidence related to Plaintiff's claims and conferred about what such documents revealed and the legal implications of the same.

13.     The Parties conferral resulted in an agreement to seek to mediate the case and determine if the matter could be resolved on a class-wide basis.  As a condition for such

mediation, Plaintiff required that Flagship disclose how many cellular telephones it had called with an automatic telephone dialing system during the class period such that any mediation could be meaningful.  With that information we would be able to gauge what a fair and reasonable recovery to a Settlement Class would entail and require.

14.     On November 16, 2017, I and my colleague Stephen F. Taylor attended a mediation session before the Honorable Joel Rosen, an experienced mediator and retired United States Magistrate Judge in the District of New Jersey.  Prior to the mediation we consulted with Judge Rosen and submitted detailed mediation briefs regarding the issues in the case, the strengths and potential weaknesses of our position, the structure of a settlement, what Flagship's liability would entail where Plaintiff to succeed in litigation and what a fair and reasonable settlement would entail given the results in similar cases.  The mediation session was adversarial, all encompassing but resulted in dead lock and no settlement.

15.     The Parties did agree to continue discussions.  Specifically, the Parties agreed that Flagship would provide additional data on the putative class size which Plaintiff believed was necessary to evaluate any settlement. Over the next several months, the Parties engaged in extensive back-and-forths regarding data sampling, data production and further conferred with Judge Rosen.

16.     On February 13, 2018, the Parties reconvened for a second full day before Judge Rosen.   This session was productive and, following several additional conferences with Judge Rosen with exchanges of additional class information, the Parties reached an agreement in principal on April 30, 2018.

17.     The details of the settlement have been formalized in the Parties' Settlement Agreement now under consideration with the Court.  The Settlement Agreement provides that:

- Defendant will establish a Settlement Fund in the amount of four million dollars ($4,000,000.00), which is the maximum and total amount Defendant shall be required to pay to the Settlement Class pursuant to the agreement;

- The amounts in the Class Action Settlement Fund set forth above shall be distributed *pro-rata* to all members of the Class, after reduction for costs, attorneys' fees and any incentive award, who timely submit a valid claim form; and

- Class members are given notice of the settlement and the opportunity to exclude themselves from the Settlement or to object.

18.     Completion of any settlement was made contingent on confirmatory discovery by Plaintiff into several aspects of the class size, composition, and other relevant issues.   To that end, Flagship provided a declaration from a technology manager at Flagship, detailed class data, and, on June 26, 2018, we deposed the same individual.

19.     I recommended that the class representative accept this settlement as it represents a fair and reasonable resolution of class claims.

20.     Our recommendation that these terms be accepted is based on our extensive familiarity with the case, the TCPA, our claims and Defendant's defenses.

21.     Given my assessment of the risk to any recovery were the matter to proceed to summary judgment or trial, I find the settlement to be a fair and reasonable resolution of disputed claims.

22.     My recommendation is also grounded in my experience in class action litigation which informs my judgment that the terms of the settlement are fair and reasonable. *See generally Brown*, 2017 WL 1021025 at *1; *Duchene*, 2016 WL 6916734; *Butto v. Collecto Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013); *Zimmerman v. Portfolio Recovery Associates, LLC*, 2013 WL

1245552 (S.D.N.Y. Mar. 27, 2013); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012).

    I declare under penalty of perjury that the above is true and correct.

Dated: July 12, 2018

                                        Sergei Lemberg