## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Ward, *on his own behalf and on behalf of all others similarly situated*, | : <br> : <br> : <br> : |
| Plaintiff, | : |
| v. | :   Civil Action No.: 2:17-cv-02069-MMB |
| | : |
| Flagship Credit Acceptance LLC, | : <br> : |
| Defendant | : <br> : <br> : <br> : |

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR (1) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND</u>
## <u>(2) AN INCENTIVE AWARD TO THE NAMED PLAINTIFF</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

I. CLASS COUNSEL ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND EXPENSES FOR THEIR SERVICE TO THE CLASS UNDER THE PERCENTAGE-OF-RECOVERY METHOD ......................................................... 3

II. ONE-THIRD OF THE SETTLEMENT FUND IN FEES AND EXPENSES IS REASONABLE ON ITS FACE ................................................................................ 5

III. THE *GUNTER* FACTORS SUPPORT THE REQUESTED FEE AWARD ............. 6

    A. THE SIZE OF THE FUND CREATED AND THE NUMBER OF PERSONS BENEFITTED .................................................................. 6

    B. THE PRESENCE OR ABSENCE OF SUBSTANTIAL OBJECTIONS BY MEMBERS OF THE CLASS TO THE SETTLEMENT TERMS AND/OR FEES REQUESTED BY COUNSEL ........................................................................................ 7

    C. THE SKILL AND EFFICIENCY OF THE ATTORNEYS INVOLVED ............................................................................... 7

    D. THE COMPLEXITY AND DURATION OF THE LITIGATION ................... 8

    E. THE RISK OF NONPAYMENT WAS HIGH ............................................ 8

    F. THE AMOUNT OF TIME DEVOTED TO THE CASE BY PLAINTIFF'S COUNSEL ....................................................... 9

    G. AWARDS IN SIMILAR CASES ............................................................ 11

IV. APPLICATION OF THE *PRUDENTIAL* FACTORS SUPPORTS THE REQUESTED AWARD ...................................................................................... 12

V. A LODESTAR CROSS-CHECK SUPPORTS THE REQUESTED AWARD ........ 13

VI. THE REASONABLENESS OF THE REQUESTED AWARD IS FURTHER DEMONSTRATED BY THE FACT THAT IT IS INCLUSIVE OF EXPENSES .. 15

VII. THE COURT SHOULD APPROVE AN INCENTIVE AWARD TO ROBERT WARD OF $10,000.00 FOR HIS EFFORTS ON BEHALF OF THE CLASS ........ 15

CONCLUSION ................................................................................................................. 16

i

# TABLE OF AUTHORITIES

## Cases

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) .......................................................... 3

*Boyd v. Bank of Am. Corp.*, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) .................................. 9

*Bridgeview Health Care Ctr., Ltd. v. Jerryclark*, 2015 WL 4498741
(N.D. Ill. July 23, 2015) ....................................................................................... 11

*Brown v. Rita's Water Ice Franchise Co. LLC*, 2017 WL 1021025
(E.D. Pa. Mar. 16, 2017) ....................................................................................... 7

*Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136 (E.D. Pa. 2000) ................................................ 15

*Davis v. Mutual Life Ins. Co.,* 6 F.3d 367 (6th Cir. 1993) ....................................................... 9

*Dominion Bridge Corp*, 2007 WL 1101272 (E.D. Pa., Apr. 11, 2007) ......................................... 11

*Duchene v. Westlake Servs., LLC*, 2016 WL 6916734 (W.D. Pa. July 14, 2016) ......................... 7

*Erie Cty. Retirees Ass'n v. Cty. of Erie, Pennsylvania*, 192 F. Supp. 2d 369
(W.D. Pa. 2002) ................................................................................................. 3

*First State Orthopaedics v. Concentra, Inc.*, 534 F. Supp. 2d 500 (E.D. Pa. 2007) .................... 14

*Flores v. Express Servs., Inc.*, 2017 WL 1177098 (E.D. Pa., Mar. 30, 2017) ......................... 4, 11

*Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) ............................................ 4

*Hageman v. AT & T Mobility LLC*, No. CV 13-50-BLG-RWA, 2015 WL 9855925
(D. Mont. Feb. 11, 2015) ....................................................................................... 11

*In re AT & T Corp.*, 455 F.3d 160 (3d Cir. 2006) ............................................................ 4, 12, 13

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) ...................................................... 3

*In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722 (3d Cir. 2001) ......................................... 5

*In re Cendant Corp. Sec. Litig.*, 404 F.3d 173 (3d Cir. 2005) ............................................... 14

*In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484 (E.D. Pa. 2003) ................................ 11

*In re Domestic Drywall Antitrust Litig.*, 2018 WL 3439454 (E.D. Pa. July 17, 2018). ................. 4

*In re Flonase Antitrust Litig.*, 291 F.R.D. 93 (E.D. Pa. 2013) ............................................... 15

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768
   (3d Cir. 1995) ............................................................................................................ 3

*In re Linerboard Antitrust Litig.*, 2004 WL 1221350 (E.D. Pa. 2004) ........................................ 16

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998) ......... 4, 12, 14

*In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491 (W.D. Pa. 2003) .......................................... 5, 14

*In re Residential Doors Antitrust Litig.*, 1998 WL 151804 (E.D. Pa. Apr. 2, 1998) ................... 16

*In re Rite Aid Corp. Securities Litig.*, 396 F.3d 294 (3d Cir. 2005) ..................................... passim

*In re So. Ohio Corr. Facility*, 175 F.R.D. 270 (S.D. Ohio 1997) ............................................... 15

*In re Sterling Fin. Corp. Sec. Class Action*, 2009 WL 2914363 (E.D. Pa. Sept. 10, 2009) ..... 6, 12

*In re Vicuron Pharm., Inc. Sec. Litig.*, 512 F. Supp. 2d 279 (E.D. Pa. 2007) ............................. 14

*Lake Forest Partners, L.P. v. Sprint Commc'ns Co. L.P.*, 2013 WL 3048919
   (W.D. Pa. June 17, 2013) ................................................................................... 5, 13, 15

*Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, 639 F. App'x 880 (3d Cir. 2016) ............... 4

*Lavigne v. First Cmty. Bancshares, Inc.*, 2018 WL 2694457 (D.N.M. June 5, 2018) .................. 7

*Lees v. Anthem Ins. Companies Inc.*, 2015 WL 3645208 (E.D. Mo. June 10, 2015) .................. 16

*McDonough v. Toys R Us, Inc.*, 80 F. Supp. 3d 626 (E.D. Pa. 2015) ...................................... 5, 11

*Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970) .......................................................................... 3

*O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266 (E.D. Pa. 2003) ...................................... 14

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987) ............. 9

*Saf–T–Gard Int'l, Inc. v. Seiko Corp. of Am.*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) .............. 11

*Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) ..................................... 7

*Smith v. Dominion Bridge Corp.*, 2007 WL 1101272 (E.D. Pa. Apr. 11, 2007) ............................ 5

*Vandervort v Balboa Capital Corp.*, 8 F. Supp. 3d 1200 (C.D. Cal. 2014) .................................. 11

*Williams v. Sweet Home Healthcare, LLC*, 2018 WL 5885453 (E.D. Pa. Nov. 9, 2018) ............. 5

*Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) ....................... 7

**Other Authorities**

Fed. R. Civ. P. 23(h) .................................................................................................... 1, 3

**Treatises**

H. NEWBERG, ATTORNEY FEE AWARDS (1986) ............................................................ 15

*Manual for Complex Litigation* (4th ed. 2004) ........................................................... 15

REPORT OF THE THIRD CIRCUIT TASK FORCE, 108 F.R.D. 127 (3d Cir. 1985) .............................. 3

THIRD CIRCUIT TASK FORCE ON SELECTION OF CLASS COUNSEL, 208 F.R.D. 340 (Jan. 15, 2002) ..................................................................................................................... 3

Settlement Class Representative Robert Ward ("Plaintiff" or the "Named Plaintiff"), by and through his undersigned counsel, respectfully submits this Memorandum of Law in Support of his Motion for an Award of Attorneys' Fees and Expenses and an Incentive Award to the Named Plaintiff.

## **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 23(h) and in accordance with Paragraph 21 of the Court's Preliminary Approval Order (Doc. No. 21), Plaintiff Robert Ward and Class Counsel respectfully move this Court for an Order awarding attorneys' fees and expenses of $1,333,333.33 (one-third of the $4 million Settlement Fund) and for an incentive award to the Class Representative in the amount of $10,000.00.

Plaintiff and Class Counsel have efficiently and successfully litigated this Telephone Consumer Protection Act ("TCPA") for the last two years.  Following an exchange of informal discovery, the Parties engaged in extensive arm's length settlement negotiations before and overseen by the Honorable Joel Rosen (Ret.), an experienced mediator and retired United States Magistrate Judge in the District of New Jersey. After six-months of mediation before Judge Rosen, which included two all-day mediation sessions and multiple separate caucuses between the Parties and with Judge Rosen, the Parties reached an agreement in principal in April, 2018. Formal confirmatory discovery followed and the Court preliminarily approved the resulting Settlement Agreement. (Doc. No. 21).

Notice detailing the terms of the settlement has been sent to 316,153 Settlement Class Members and the response has been overwhelmingly positive. (Peters-Stasiewicz Decl.  ¶¶ 17-18).  As of March 19, 2019, the claims administrator has received 57,318 valid claim forms. *Id.*[1]

---

[1] Currently the Settlement Administrator advises 10,731 claims are in process and still undergoing review.  This figure will be updated by the Final Approval Hearing.

There have been no objections submitted and there have been only four requests to exclude. *Id* ¶ 16. Each of those claiming members, over 17% of the entire class, will recover approximately $43.40 each. *Id.* ¶ 19.

Because of the efforts of Class Counsel and the Class representative, the Settlement Class Members are able to participate in this excellent result, recover a significant amount in settlement, and were fully notified of their rights and the terms of this settlement. Under the circumstances of this case, an award of one-third of the fund is abundantly reasonable because:

- This is an excellent settlement providing benefits to a very large portion of the class;

- Not a penny of the $4 million fund will revert to the Defendant; all funds will go to the claimants, to cover fees or costs, or to a charity if there remain undistributed funds;

- A contingency fee is the norm for an attorney to prosecute a TCPA case, be it individual or class action. The one-third fee requested here is not expected to take away from the class members' recovery any more than if they successfully pursued their own case on an individual basis;

- The settlement was reached only after substantive informal discovery followed by critical formal confirmatory discovery including deposition testimony;

- Class Counsel engaged in a lengthy and in-depth mediation before a retired federal Magistrate Judge;

- The Settlement Class supports the settlement (no objections); and

- A one-third contingent fee is consistent with Third Circuit precedent as well as TCPA and common-fund cases throughout the nation, and also reflective of and consistent with the marketplace for contingent fee lawyers handling TCPA cases.

For the reasons stated herein, Class Counsel and Plaintiff respectfully request that the Court approve the incentive and attorneys' fees and expenses awards.

## ARGUMENT

**I.   CLASS COUNSEL ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND EXPENSES FOR THEIR SERVICE TO THE CLASS UNDER THE PERCENTAGE-OF-RECOVERY METHOD**

Where a party maintains a suit that results in the creation of a fund for the benefit of a class, the costs of the litigation, including an award of reasonable attorneys' fees, should be recovered from the fund created by the litigation. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 392 (1970).  Fed. R. Civ. P. 23 expressly states that "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." Fed. R. Civ. P. 23(h).

The Third Circuit has consistently ruled that the "percentage-of-recovery" method is a "proper method of awarding attorneys' fees" in common fund cases. *In re Rite Aid Corp. Securities Litig.,* 396 F.3d 294, 300 (3d Cir. 2005); *In re Cendant Corp. Litig.*, 264 F.3d 201, 215, 256 (3d Cir. 2001); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995); *see also Erie Cty. Retirees Ass'n v. Cty. of Erie, Pennsylvania*, 192 F. Supp. 2d 369, 377-78 (W.D. Pa. 2002).  Further, the percentage-of-recovery approach has been endorsed twice by Third Circuit task forces considering the methods of awarding fees in common fund cases. Third Circuit Task Force on Selection of Class Counsel, 208 F.R.D. 340, 422–23 (Jan. 15,  2002); Report of the Third Circuit Task Force, 108 F.R.D. 127 (3d Cir. 1985).

In determining an appropriate attorney fee award under the percentage-of-recovery approach, courts are guided by the so-called "*Gunter* Factors": (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk

of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; and (7) the awards in similar cases. *In re Rite Aid,* 396 F.3d at 301 (*citing Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 195 n.1 (3d Cir. 2000)); *see also Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, 639 F. App'x 880, 884, n.3 (3d Cir. 2016).

In addition to the *Gunter* factors discussed above, courts in the Third Circuit consider the factors articulated by the Third Circuit in *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998). These factors are (1) whether the benefits accruing to the class are attributable to the efforts of class counsel or other groups, such as government agencies; (2) whether the fee is comparable to the fee that would have been negotiated had the case been subject to a contingent fee agreement; and (3) whether the settlement agreement contains innovative terms and conditions. *In re AT & T Corp.*, 455 F.3d 160, 165 (3d Cir. 2006) (*citing In re Prudential*, 148 F.3d at 338-40); *see also In re Domestic Drywall Antitrust Litig.*, 2018 WL 3439454, at *3 (E.D. Pa. July 17, 2018).

A lodestar, rather than a percentage-of-recovery, analysis is used when fees are sought pursuant to a fee-shifting statute. *See, e.g., Flores v. Express Servs., Inc.*, 2017 WL 1177098, at *2 (E.D. Pa., Mar. 30, 2017) (using hybrid approach where settlement results in a common fund and fees under a fee-shifting statute).  This is not a hybrid case; the TCPA is not a fee-shifting statute and fees here are sought through the common-fund only. However, a "lodestar crosscheck", addressed more fully below, may be used to further analyze the reasonableness of the requested fee award.  *Id.* at *2; *In re Domestic Drywall Antitrust Litig.*, 2018 WL 3439454 at *3.

The Settlement Agreement here creates a common fund of $4 million. Class Counsel requests an award of one-third of the fund for their efforts on behalf of the class.  This amount is reasonable, fair, and fully justified.

4

## II.     ONE-THIRD OF THE SETTLEMENT FUND IN FEES AND EXPENSES IS REASONABLE ON ITS FACE

One-third of the settlement fund is reasonable on its face. Courts in the Third Circuit find fees as high as 45 percent of a common fund appropriate and routinely award a one-third fee. *McDonough v. Toys R Us, Inc.*, 80 F. Supp. 3d 626, 653 (E.D. Pa. 2015) (collecting cases); *Smith v. Dominion Bridge Corp.*, 2007 WL 1101272, at *9 (E.D. Pa. Apr. 11, 2007) (same); *see also Landsman*, 639 F. App'x at 883 (approving attorneys' fees award of one-third of settlement fund in TCPA common fund); *Williams v. Sweet Home Healthcare, LLC*, 2018 WL 5885453, at *6 (E.D. Pa. Nov. 9, 2018) ("More specifically, fee awards ranging from 30% to 43% have been awarded in cases with funds ranging from $400,000 to $6.5 million—funds which are comparatively smaller than many common funds.") (*quoting Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483, 498 (E.D. Pa. 2018)).

"In most instances, [the determination] will involve a sliding scale dependent upon the ultimate recovery, the expectation being that, absent unusual circumstances, the percentage will decrease as the size of the fund increases." *In re Cendant Corp. PRIDES Litig.,* 243 F.3d 722, 736 (3d Cir. 2001).  It is the "mega funds," those in excess of $50 million, which tend to be at the low end of this sliding scale. *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 513 (W.D. Pa. 2003) (citing cases) (awarding 25% of $25 million common fund).

In determining reasonableness under the percentage-of-recovery analysis, courts first determine the value of the settlement. *See, e.g.*, *Lake Forest Partners, L.P. v. Sprint Commc'ns Co. L.P.*, 2013 WL 3048919, at *2 (W.D. Pa. June 17, 2013) (determining the total value of the settlement before proceeding with percentage of the fund analysis).  The value of the settlement includes class member recovery and additional benefits to the class of attorneys' fees and expenses and the expenses of administration. *Id.*  The value of the settlement here is easily

calculated at $4 million.  This is a pure cash settlement, the entirety of which will be dispersed to cover all class recovery, administrative costs, incentive awards, attorneys' fees and expenses and any *cy pres* distribution – there is no reverter to the Defendant of any kind.

At $4 million, the size of the fund is not so large as to justify less than one-third nor so small as to justify a higher percentage. *See In re Sterling Fin. Corp. Sec. Class Action*, 2009 WL 2914363, at *4 (E.D. Pa. Sept. 10, 2009) (approving 30% in fees of common fund of $10.25 million and stating "the settlement fund is not so large as to support a percentage smaller than thirty percent") (emphasis supplied).  Thus, the fee and expense award here is reasonable on its face.

III.     **THE *GUNTER* FACTORS SUPPORT THE REQUESTED FEE AWARD**

Consideration of the *Gunter* factors weigh strongly in favor of the requested fees and expenses.

### A. THE SIZE OF THE FUND CREATED AND THE NUMBER OF PERSONS BENEFITTED

With respect to the first factor, both the size of the fund and number of persons benefitted support the requested fees and expenses.  Each class member will receive a *pro rata* share from the $4 million Settlement Fund after attorneys' fees, expenses, any incentive award and administration costs are removed.  As of March 19, 2019, there are approximately 57,318 verified claimants with approximately 10,700 additional claim forms in review.  This is a sizeable settlement and provides immediate and certain payment to tens of thousands of consumers.

Moreover, the notice process selected by Class Counsel has resulted in a very high claims rate of over 17% and, therefore, the benefits to the class are widespread.  Further, every dollar of

the net fund (excepting residual amounts to go *cy pres*) will be distributed to class members. This factor weighs strongly in favor of approval of the requested fee.

> **B. THE PRESENCE OR ABSENCE OF SUBSTANTIAL OBJECTIONS BY MEMBERS OF THE CLASS TO THE SETTLEMENT TERMS AND/OR FEES REQUESTED BY COUNSEL**

There have been no objections to the settlement terms or fees requested by counsel. This factor weighs strongly in favor of approval of the requested fee. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d at 305 (holding that where only two class members objected out of a class of 300,000, this fact weighed in favor of the requested fee award).

> **C. THE SKILL AND EFFICIENCY OF THE ATTORNEYS INVOLVED**

The third *Guther* factor – the skill and efficiency of the attorneys involved – also weighs in favor of the requested fees and expenses. Class Counsel are experienced and skilled TCPA and class action litigators. They have successfully represented classes in both contested and settled proceedings. *See, e.g., Lavigne v. First Cmty. Bancshares, Inc.*, 2018 WL 2694457, at *5 (D.N.M. June 5, 2018) ("the Court concludes that Lemberg Law, LLC (Stephen Taylor) should be appointed as class counsel.") (contested class certification decision in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Duchene v. Westlake Servs., LLC*, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM common fund in TCPA action); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action).

Class Counsel brought their experience and skill to bear to efficiently investigate, litigate, settle this case, conduct discovery and oversee the administration of the settlement process. Their

skill with TCPA and class action litigation was critical in efficiently identifying the key issues, negotiating the settlement for the class and demonstrates the reasonableness of the one-third fee.

### D.  THE COMPLEXITY AND DURATION OF THE LITIGATION

The fourth *Gunter* factor – the complexity and duration of the litigation – also weighs in favor of the requested fees and expenses.  The claims in this action involved complicated issues concerning telecommunications systems, Defendant's business practices and business records. The claims also involved complicated issues of law, consent under the TCPA and whether or not consent, or the lack thereof, could be shown on a class-wide basis.   The complexity of these issues amply supports the requested award, particularly in light of the skillful and efficient manner in which Class Counsel handled those issues and brought the case to a successful resolution on behalf of the Settlement Class.

While the Parties commenced their settlement discussions early on in the case, the intricacy and nature of the litigation support the request for attorneys' fees.  The Parties conducted formal and informal discovery prior to and throughout the mediation process, including discovery regarding the size and scope of the class, the types of dialing systems at issue and the financial wherewithal of the Defendant.

Nor did the matter itself settle early.  The Parties engaged a retired judge to conduct the mediation which lasted six months before a settlement was reached.  In short, this is not a case where the Parties hastily negotiated a deal.  To the contrary, there were significant efforts and resources expended discovering the claims and in negotiating a resolution.  This factor weighs strongly in favor of approval of the requested fee.

### E.  THE RISK OF NONPAYMENT WAS HIGH

The fifth *Gunter* factor – the risk of nonpayment – also supports the requested award. For any Plaintiff's firm to bring a national class action against a substantial company requires

commitment of time and resources in the face of significant risks of loss and/or delay.  In this case, Class Counsel is comprised of one small firm (by comparison, Flagship's counsel is a 900 lawyer law firm.[2])  Firms of small size face even greater risks in litigating large class actions with no guarantee of payment. *Boyd v. Bank of Am. Corp.*, 2014 WL 6473804, at *10 (C.D. Cal. Nov. 18, 2014) (finding heightened risk of small firm representation should be rewarded with larger percentage fee for good result); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 750 (1987) (Delaware Valley II) (plurality opinion) ("[C]ontingent litigation may pose greater risks to a small firm or a solo practitioner because the risk of nonpayment may not be offset so easily by the presence of paying work. . . ."); *Davis v. Mutual Life Ins. Co.,* 6 F.3d 367, 382 (6th Cir. 1993) ("[T]he maintenance of comparatively large pieces of litigation prevents small firms from diversifying risk by taking on additional clients.").

This is a pure contingent fee case, which Class Counsel took on with high risk concerning not only the result of the case, but also how much time and money would need to be invested to get a result.  Because hours and resources are limited, the attorneys involved in this case were required to defer or decline other work in order to properly prosecute this case.  Had the case been lost, they would have received no compensation whatsoever for their significant investment of time and effort over the last two years.  Accordingly, this factor also weighs in favor of the requested award.

## F. THE AMOUNT OF TIME DEVOTED TO THE CASE BY PLAINTIFF'S COUNSEL

The sixth *Gunter* factor also supports the requested award, as Class Counsel have invested significant time and effort in this action.  Specifically, Class Counsel (1) investigated the facts and law relating to Plaintiff's claims before initiating this action; (2) drafted a well-

---

[2] https://www.foxrothschild.com/our-firm/.

pleaded Complaint; (3) met and conferred extensively with Defendant's counsel regarding Mr. Ward's claims, Defendant's defenses, class liability and whether or not the claims could be maintained on a class-wide basis; (4) engaged in their own exhaustive investigation into Defendant's business practices; (5) negotiated a protective order relating to the use of the confidential documents and information produced by Defendants in this case; (6) prepared a lengthy mediation statement; (7) attended two full-day mediations with Judge Rosen and participated in myriad conferences with Judge Rosen; (8) negotiated the details of a comprehensive Settlement Agreement and drafted the Settlement Agreement; (9) prepared the exhibits to the Settlement Agreement (including the Class Notice, Claim Form, and proposed Preliminary Approval Order); (10) prepared a motion for preliminary approval of the Settlement; (11) regularly communicated with the Claims Administrator to ensure a smooth notice and claims process following the Court's preliminary approval order; (12) reviewed the language and content of the settlement website; (13) reviewed and edited scripts for the automated telephone hotline; (14) responded to Settlement Class Members who contacted Class Counsel or the administrator; (15) communicated with the named Plaintiff throughout the litigation; and (16) prepared the present motion and motion for final approval.  (Declaration of Sergei Lemberg ¶ 11.)

 In addition, Class Counsel will devote further time and effort appearing at the final approval hearing, responding to ongoing inquiries from Class Members going forward, addressing any disputes relating to submitted claims, and monitoring claims processing and the distribution of settlement payments by the Claims Administrator. (Lemberg Decl. ¶ 17).

These combined efforts, taken with the risk of no recovery to counsel whatsoever, amply support the requested award in this case, and demonstrate that the fees and expenses requested here have been well earned.

## G.  AWARDS IN SIMILAR CASES

Finally, the seventh *Gunter* factor – awards in similar cases – supports the requested award.  The fee requested in this case is in accord with awards in other class action cases, including TCPA class action cases. *See, e.g.*, *Landsman & Funk, P.C.* 639 F. App'x 880 (affirming award of one-third of a reversionary settlement fund in TCPA class action); *Vandervort v Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (fee of one-third awarded in TCPA case); *Bridgeview Health Care Ctr., Ltd. v. Jerryclark*, 2015 WL 4498741, at *2 (N.D. Ill. July 23, 2015) (awarding one-third of common fund in TCPA class action); *Hageman v. AT & T Mobility LLC*, No. CV 13-50-BLG-RWA, 2015 WL 9855925, at *4 (D. Mont. Feb. 11, 2015) (approving fee award of "$15 million, or one-third of the common fund recovery" in TCPA class action settlement against AT&T); *Saf–T–Gard Int'l, Inc. v. Seiko Corp. of Am.*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (awarding one-third of common fund in multimillion dollar TCPA class action); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) ("Accordingly, the Court awards attorney's fees and costs in the amount of $1.1 million, or 33% of the $3.3 million settlement fund ceiling amount.").

Likewise, a fee award of one-third of the Settlement Fund is consistent with awards approved in consumer class actions of a comparable size more generally. *See, e.g.*, *Flores*, 2017 WL 1177098, at *3 (E.D. Pa. Mar. 30, 2017) (approving 32.96% of a fund of $5.75MM with a 4.6 multiplier as "within the range of awards that support approval."); *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 497 (E.D. Pa. 2003) (approving an award of 33.3% against a $7,000,000 common fund).  As noted above, courts award percentages that routinely range from one-third up to as high as 45 percent of a common fund. *McDonough*, 80 F. Supp. 3d at 653 (collecting cases); *Dominion Bridge Corp*, 2007 WL 1101272, at *9 (E.D. Pa., Apr. 11, 2007) (same); *see also In re Sterling Fin. Corp. Sec. Class Action*, 2009 WL 2914363, at *4 (E.D. Pa.,

Sept. 10, 2009) (approving 30% in fees of common fund of $10.25 million and stating "the settlement fund is not so large as to support a percentage smaller than thirty percent")

The fee and expense request here are in-line with awards in similar cases.  Thus, the final *Gunter* factor weighs in support of the requested award.

**IV.      APPLICATION OF THE *PRUDENTIAL* FACTORS SUPPORTS THE REQUESTED AWARD**

In addition to the *Gunter* factors discussed above, courts in the Third Circuit consider the factors articulated by the Third Circuit in *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 148 F.3d 283.  These factors are (1) whether the benefits accruing to the class are attributable to the efforts of class counsel or other groups, such as government agencies; (2) whether the fee is comparable to the fee that would have been negotiated had the case been subject to a contingent fee agreement; and (3) whether the settlement agreement contains innovative terms and conditions. These factors further support the requested award in this case. *In re AT & T Corp.*, 455 F.3d at 165 (*citing In re Prudential*, 148 F.3d at 338-40).

With respect to the first *Prudential* factor – whether the benefits are attributable to Class Counsel or the other groups – the results obtained are solely the result of Class Counsel's efforts. In *Prudential*, the Third Circuit singled this factor out for important consideration by district courts. *See In re Prudential*, 148 F.3d at 338. There, the appeals court remanded the trial court's fee award for wrongly "credit[ing] class counsel with creating the entire value of the settlement" and overlooking the considerable contributions of a multi-state life insurance task force. *Id.*  Here, there was no such assistance by any state or federal body.  Thus, this action is more similar to *In re AT & T*, in which the Third Circuit found that "class counsel was not aided by the efforts of any governmental group, and the entire value of the benefits accruing to class members is

properly attributable to the efforts of class counsel." *In re AT & T Corp.*, 455 F.3d at 173.  This factor weighs in favor of the proposed fee.

The second *Prudential* factor – comparison of the requested fee to a negotiated contingent fee agreement – also weighs in favor of the requested award. The fee mirrors a standard contingent fee arrangement where counsel receives 33% of the recovery.  Here, each Settlement Class member is bearing the 33% fee to compensate Class Counsel for their efforts without which the Settlement Class Members would recover nothing.

Finally, the third *Prudential* factor – whether the settlement contains innovative settlement terms – is neutral to the requested award here.  While *Prudential* contemplates rewarding counsel for an innovative settlement, it does not follow that counsel should be penalized for the lack of an innovative settlement.  *McDonough v. Toys "R" Us, Inc.*, 834 F. Supp. 2d 329, 345 (E.D. Pa. 2011) ("In the absence of any innovative terms, this factor neither weighs in favor or against the proposed fee request.").  This last factor should not weigh on the Court's analysis one way or another.

Application of the *Prudential/Gunter* factors demonstrates that an award of one-third of the Settlement Fund is more than appropriate to compensate Class Counsel for their efforts on behalf of the class.

## V.      A LODESTAR CROSS-CHECK SUPPORTS THE REQUESTED AWARD

The requested attorneys' fees and expenses are also reasonable under the lodestar method. The Third Circuit "suggests a lodestar cross-check calculation, which 'need entail neither mathematical precision nor bean-counting[,]' but in which district courts 'may rely on summaries submitted by the attorneys and need not review actual billing records.'" *Lake Forest Partners, L.P.*, 2013 WL 3048919, at *2 (*quoting In re Rite Aid*, 396 F.3d at 306-07).  "[T]he lodestar cross-check does not trump the primary reliance on the percentage of common fund

method," *id.*, and, indeed, is not required in all circumstances, *see In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 183 n.4 (3d Cir. 2005) (affirming district court's percentage of the fund fee award, even though district court did not conduct lodestar cross-check); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 310 (E.D. Pa. 2003) (holding that *Gunter* recommends but does not require lodestar cross-check).

Class Counsel's lodestar in this action is $356,700 which is based on 684 attorney and professional staff hours. (Lemberg Decl., ¶ 13):

| Professional | Rate | Hours | Lodestar |
|---|---|---|---|
| Sergei Lemberg, Esq. | $650 | 205 | $133,250 |
| Stephen Taylor, Esq. | $550 | 354 | $194,700 |
| Josh Markovitz, Esq. | $300 | 75 | $22,500 |
| Paralegal Time | $125 | 50 | $6,250 |
| | | **Total: 684** | **Total: $356,700** |

This lodestar amount does not include time that Class Counsel will spend on this action after the filing of this motion.  With this lodestar to date, the lodestar crosscheck results in a multiplier of 3.71 after accounting for Class Counsel's litigation costs ($9,295.57) in Section VI, *infra*, and deducting them from the $1,333,333.33 award.[3]

A multiplier of 3.71 is well within the reasonable range for multipliers where courts frequently approved multipliers in the range of 1 to 4. *In re Prudential*, 148 F.3d at 341; *In re Rent-Way*, 305 F. Supp. 2d at 517 (collecting cases); *First State Orthopaedics v. Concentra, Inc.*, 534 F. Supp. 2d 500, 524 (E.D. Pa. 2007); *In re Vicuron Pharm., Inc. Sec. Litig.*, 512 F. Supp. 2d 279, 287 (E.D. Pa. 2007). A multiplier "need not fall within any pre-defined range, provided that the District Court's analysis justifies the award." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d at 307

---

[3] (Proposed Award – Costs) / Lodestar = Multiplier.

(approving cross-check multiplier of 4.07); *Flores*, 2017 WL 1177098, at *4 (E.D. Pa. Mar. 30, 2017) (approving multiplier of 4.6).

## VI.  THE REASONABLENESS OF THE REQUESTED AWARD IS FURTHER DEMONSTRATED BY THE FACT THAT IT IS INCLUSIVE OF EXPENSES

The reasonableness of the requested $1,333,333.33 award to Class Counsel is further demonstrated by the fact that it is inclusive of both attorneys' fees and expenses. In the Third Circuit, requests by counsel for reimbursement of expenses (in addition to attorneys' fees) in class cases are commonly granted as a matter of course. *See, e.g.*, *In re Flonase Antitrust Litig.*, 291 F.R.D. 93, 106 (E.D. Pa. 2013) (awarding costs incurred by class counsel); *Lake Forest Partners, L.P.*, 2013 WL 3048919, at *4 (same). Here, Class Counsel's expenses total $9,295.57. (Lemberg Decl. ¶¶ 18-21).  The fact that these expenses are included in the amount sought by Class Counsel demonstrates that the requested amount is reasonable and appropriate.

## VII.  THE COURT SHOULD APPROVE AN INCENTIVE AWARD TO ROBERT WARD OF $10,000.00 FOR HIS EFFORTS ON BEHALF OF THE CLASS

Class Counsel requests that the Court approve the payment of an incentive award for named Plaintiff in the amount of $10,000.00.

An incentive award for bringing and litigating this case on behalf of the class is permissible and promotes a public policy of encouraging individuals to undertake the responsibility of representative lawsuits. *Manual for Complex Litigation*, § 21.62 n.971 (4th ed. 2004). "'Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000) (*quoting In re So. Ohio Corr. Facility,* 175 F.R.D. 270, 272 (S.D. Ohio 1997)).

Mr. Ward has been intimately involved with this case since its inception.  He has been in contact with and aided his counsel throughout the case.  (Taylor Decl. ¶¶ 9-10, 22).  *Id*.  But for

his efforts, and his desire and willingness to stick with this case and get relief for others in addition to himself, the Settlement Class here would have received nothing.  An Incentive Award of $10,000.00 is reasonable and fair to Mr. Ward for his efforts on behalf of the class and is within the range of awards approved in other class actions.  *See, e.g.*, *Lees v. Anthem Ins. Companies Inc.*, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (approving $10,000.00 incentive award and collecting cases); *In re Linerboard Antitrust Litig.*, 2004 WL 1221350, at *19 (E.D. Pa. 2004) (approving incentive awards of $25,000.00 to each of five named plaintiffs); *In re Residential Doors Antitrust Litig.*, 1998 WL 151804, at *11 (E.D. Pa. Apr. 2, 1998) (approving $10,000.00 incentive awards to each of four named plaintiffs).

## CONCLUSION

For the reasons set forth above, Plaintiff and Class Counsel respectfully request that the Court grant this motion and (1) award attorneys' fees and expenses to Class Counsel in the amount of $1,333,333.33 and (2) award $10,000 as an incentive award to Robert Ward for his role in representing the class.


Dated: March 19, 2019

Respectfully submitted,

*For the Plaintiff*
By:  */s/ Stephen Taylor*
    Stephen F. Taylor
    LEMBERG LAW LLC
    43 Danbury Road
    Wilton, CT 06897
    Telephone: (203) 653-2250
    Facsimile: (203) 653-3424

By:  */s/ Sergei Lemberg*
    Sergei Lemberg
    LEMBERG LAW LLC
    43 Danbury Road

Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424