**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| Robert Ward, *on his own behalf and on behalf of all others similarly situated*, | : Civil Action No.: 2:17-cv-02069-MMB<br>:<br>: |
| Plaintiff, | : |
| v. | :<br>: |
| Flagship Credit Acceptance LLC, | :<br>: |
| Defendant | :<br>: |

**DECLARATION OF SERGEI LEMBERG IN SUPPORT OF MOTION FOR**
**(1) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND**
**(2) AN INCENTIVE AWARD TO THE NAMED PLAINTIFF**

I, Sergei Lemberg, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1.      I am the principal of Lemberg Law, LLC.  I am a consumer rights attorney experienced in prosecuting actions under various Federal and State consumer protection statutes. I am a 1997 graduate of Brandeis University with a degree in Economics and a Minor in Accounting, a 2001 graduate of University of Pennsylvania School of Law and now the principal of Lemberg Law L.L.C.

2.      Prior to starting my own law firm, I held positions in the New York offices of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and practiced corporate bankruptcy and reorganization law at Andrews Kurth LLP and Day Pitney LLP.  I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

3.      I am a member in good standing of the bars of Massachusetts, Connecticut, Georgia, New York and Pennsylvania.  I am also admitted to practice before the First, Second, Third, Fifth, Seventh, Ninth and Eleventh Circuit Courts of Appeal.  I am admitted to practice

before the following Federal courts: the District of Massachusetts, Eastern and Western Districts

of Arkansas; the District of Connecticut; the Northern and Middle Districts of Georgia; the

Northern, Central and Southern Districts of Illinois; the District of Maryland; the Eastern and

Western Districts of Michigan; the Eastern District of Missouri; the District of Nebraska; the

Northern, Southern, Eastern and Western Districts of New York; the Northern District of Ohio;

the Northern, Eastern and Western Districts of Oklahoma; the Western District of Texas; the

Eastern, Middle and Western Districts of Pennsylvania

      4.     My firm's decisions on consumer right's matters include but are not limited to:

*Manuel v. NRA Grp. LLC*, 722 F. App'x 141, 142 (3d Cir. 2018); *Pollard v. Law Office of Mandy*

*L. Spaulding*, 766 F.3d 98 (1st Cir. 2014); *Scott v. Westlake Servs. LLC*, 2014 WL 250251 (7th

Cir. Jan. 23, 2014); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012);

*LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992

(D.N.M. Oct. 19, 2016); *Butto v. Collecto, Inc*, 290 F.R.D. 372, 395-396 (E.D.N.Y. 2013);

*Cerrato v. Solomon & Solomon*, 909 F.Supp.2d 139 (D. Conn. 2012); *Zimmerman v. Portfolio*

*Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011); *Davis v. Diversified Consultants, Inc.*,

2014 WL 2944864 (D. Mass. June 27, 2014); *Hudak v. The Berkley Grp., Inc.*, 2014 WL 354666

(D. Conn. Jan. 23, 2014); *Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813

(S.D.N.Y. Dec. 12, 2013); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13,

2012).

      5.     I and my firm have been certified as class counsel, in both contested proceedings

and in settlement, in the following matters: *Lavigne v. First Community Bancshares, Inc., et al.*,

2018 WL 2694457, at *5 (D.N.M. June 5, 2018) (certification in Telephone Consumer Protection

Act ("TCPA") action); *Munday v. Navy Federal Credit Union*, ECF No. 60, 15-cv-01629 (C.D.

Cal., July 14, 2017) (final approval of class settlement of $2.75MM in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, No. CV 15-3509, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM common fund in TCPA action); *In Re: Convergent Telephone Consumer Protection Act Litigation*, ECF No. 268, 3:13-md-02478 (D. Conn., November 10, 2016) (final approval of class settlement consisting of $5.5MM common fund in TCPA action); *Oberther v. Midland Credit Management*, Doc. No. 90, 14-cv-30014 (D. Mass. July 13, 2016) (Fair Debt Collection Practice Act ("FDCPA") class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) (FDCPA class action); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Douma v. Law Offices of Mitchell N. Kay P.C.*, 09-cv-9957 (S.D.N.Y.) (FDCPA class action); *Waiters v. Collection Tech., Inc.*, 10-cv-02514 (S.D.N.Y.) (FDCPA class action).

6.      I have been interviewed and asked to contribute on multiple occasions by the media regarding various matters that I worked on, such as the Boston Herald, NorthJersey.com, Newsweek, The Leader Herald, PatriotLedger.com, Law360, Texas Lawyer, ABC News, Chanel 7 in Boston, McClatchy, AOL Autos, Connecticut Law Tribune, Philly.com, the Los Angeles Times, Consumer Reports.org, Syracuse.com, Daily News, Harford Advocate.com and the Boston Herald.

7.      I have co-authored the definitive compilation of form complaints in Connecticut, Connecticut Civil Complaints for Business Litigation, contributing form complaints for the Lemon Law and Auto Fraud sections.

8.      I am also the former Chair of the Consumer Law Section of the Connecticut Bar Association. I held that position from 2014 to 2015.  I have been a guest speaker at the Professional Association for Customer Engagement conference in 2014 and the National Debt Collection Forum in 2016.  In both instances I spoke about best practices that should be or are adopted in the debt collection profession from the perspective of a consumer advocate.

### <u>OVERVIEW OF EFFORTS ON BEHALF OF PLAINTIFF AND THE CLASS</u>

9.      My firm has litigated this case on behalf of Mr. Ward and the class since May 2017.

10.      This matter required Class Counsel to spend substantial time on this litigation that could have been spent on other matters. My firm has not been paid anything for our work on this case was filed. It is my opinion that law firms in such a position expect to receive a multiplier in cases such as this because of the risk taken, the extent to which firms are unable to take on other cases, the delay in getting paid and the costs we have to advance.

11.      To provide the Court with an overview of the work done by Lemberg Law in this case, s, I divide my firm's work into specific phases or tasks that track the progress of the case. Thus, my firm:

      (1)   Investigated the facts and law relating to Plaintiff's claims before initiating this action;

      (2)   Drafted a well-pleaded Complaint;

(3)   Met and conferred extensively with Defendant's counsel regarding Mr. Ward's claims, Defendant's defenses, class liability and whether or not the claims could be maintained on a class-wide basis;

(4)   Engaged in our own exhaustive investigation into Defendant's business practices;

(5)   Negotiated a protective order relating to the use of the confidential documents and information produced by Defendants in this case;

(6)   Prepared a lengthy mediation statement;

(7)   Attended two full day mediations with Judge Rosen and participated in myriad conferences with Judge Rosen;

(8)   Negotiated the details of a comprehensive Settlement Agreement and drafted the Settlement Agreement;

(9)   Prepared the exhibits to the Settlement Agreement (including the Class Notice, Claim Form, and proposed Preliminary Approval Order);

(10)  Prepared a motion for preliminary approval of the Settlement;

(11)  Regularly communicated with the Claims Administrator to ensure a smooth notice and claims process following the Court's preliminary approval order;

(12)  Reviewed the language and content of the settlement website;

(13)  Reviewed and edited scripts for the automated telephone hotline;

(14)  Responded to Settlement Class Members who contacted Class Counsel or the administrator;

(15)  Communicated with the named Plaintiff throughout the litigation; and

(16)  Prepared the present motion and final approval papers.

12.     Additionally, I anticipate a significant amount of work and hours will be expended after the filing of the fee application related to final approval and oversight of the administrator.   We will also continue to assist class members with individual inquiries, will oversee the claims resolution process, and Class Counsel will help resolve Class member challenges to the result of their claims submissions. Judging by previous experiences, these responsibilities will require hours of work by Class Counsel over the coming months.

### CLASS COUNSEL'S LODESTAR

13.     Our lodestar in this matter is $356,700 representing 684 hours expended by three firm attorneys and paralegal staff.   The following attorneys contributed significant time towards this case and seek compensation at the following rates.

| Professional | Rate | Hours | Lodestar |
|---|---|---|---|
| Sergei Lemberg, Esq. | $650 | 205 | $133,250 |
| Stephen Taylor, Esq. | $550 | 354 | $194,700 |
| Josh Markovitz, Esq. | $300 | 75 | $22,500 |
| Paralegal Time | $125 | 50 | $6,250 |
| | | **Total: 684** | **Total: $356,700** |

14.     My billing rate in this matter is $650 per hour which is a reasonable rate given my experience and expertise in consumer rights class action litigation.   In addition, Mr. Taylor's billing rate is $550 per hour which is supported by his skill and experience as set forth in his declaration.   Mr. Taylor, who manages our class action department, and myself performed the majority of the work in this matter.

15.     Further, we are seeking compensation for another firm attorney in addition to myself and Mr. Taylor, Mr. Josh Markovitz who bills at $300 per hour.   Mr. Markovitz is an associate at Lemberg Law with a focus on consumer protection class actions.   Mr. Markovits

received his J.D., *cum laude,* from Benjamin N. Cardozo School of Law in 2015 and is admitted to practice in New York.  Mr. Markovits is also admitted to practice before the Southern, Eastern and Western Districts of New York and the Northern District of Illinois.  During law school, Mr. Markovits served as a legal intern in the chambers of both a federal court and a New York Supreme Court judge. He also served as a legal intern in the U.S. Commodity Futures Trading Commission's Division of Enforcement.

16.     These rates, (between $650 and $300 for attorneys and $125 for paralegal staff) are within the range of rates charged by attorneys with similar qualifications in complex class action litigation.  *See e.g. Pfeifer v. Wawa, Inc.*, No. CV 16-497, 2018 WL 4203880, at *14 (E.D. Pa. Aug. 31, 2018) (approving blended rate of $685 in specialized ERISA class action); *see also, Moore v. GMAC Mortg.*, 2014 WL 12538188, at *2 (E.D. Pa. Sept. 19, 2014) (finding reasonable rates between $325 and $860 per hour); *Flores v. Express Servs., Inc.*, 2017 WL 1177098, at *4 (E.D. Pa. Mar. 30, 2017) (approving rates of $225 to $725 per hour for attorneys and $180 per hour for paralegal staff). The blended rate here (total lodestar divided by total hours) is $521.49 and well within the acceptable range.

17.     Additionally, we will also continue to assist class members with individual inquiries, will oversee the claims resolution process, and Class Counsel will help resolve Class member challenges to the result of their claims submissions. Judging by previous experiences, these responsibilities will require approximately 100 additional hours of attorney and staff time.

## **EXPENSES**

18.     Lemberg Law has incurred substantial costs due to court costs, travel, mediation and deposition expenses in connection with this action.

19.     As reflected in the expense reports attached hereto as <u>Exhibit A</u>, the total costs incurred to date are $9,929.57.

20.     All of these costs and expenses are reflected in the books and records of the firm, and are supported by invoices, receipts, expense vouchers, check records, or other documentation. In the event that the Court would like further detail or documentation concerning these expenses, we would be happy to provide it.

21.     In my professional opinion, and based on my experience prosecuting the action and overseeing the conduct of the litigation, all of these expenses were reasonable and necessarily incurred in connection with the action.

I declare under penalty of perjury that the above is true and correct.

Dated: March 19, 2019

*/s/ Sergei Lemberg*_____
Sergei Lemberg
