UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Ward, *on his own behalf and on behalf of all others similarly situated*, | Civil Action No.: 2:17-cv-02069-MMB |
| Plaintiff, | |
| v. | |
| Flagship Credit Acceptance LLC, | |
| Defendant | |

**DECLARATION OF STEPHEN TAYLOR IN SUPPORT OF MOTION FOR (1) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND (2) AN INCENTIVE AWARD TO THE NAMED PLAINTIFF**

I, Stephen Taylor, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1. I am a Senior Attorney at Lemberg Law, LLC, of Wilton, Connecticut and Class Counsel to the Settlement Class in this matter. I am a consumer rights attorney experienced in prosecuting class actions in federal courts throughout the country. I have personal knowledge as to the matters set forth in this Declaration and could testify to the same if called to do so.

2. In addition to being licensed to practice law in the states of Connecticut and New York, I am admitted to the Federal District Courts for the Southern, Eastern, Western and Northern Districts of New York, the Southern, Eastern, and Northern Districts of Texas, the District of Colorado, the Central and Northern Districts of Illinois, the Eastern District of Michigan and the District of Connecticut. I am a member in good standing in both Connecticut and New York.

3. I am a 2007 graduate of Tulane University School of Law and a 2003 graduate from Boston College. I am a former Judicial Clerk and worked for the Connecticut firm the Law Office of Norman Pattis before joining Lemberg Law in 2009.

4.  I have extensive experience in consumer rights litigation including matters brought under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") the Magnuson Moss Federal Act, the Truth in Lending Act, and a variety of state consumer protection statutes.

5.  I have extensive experience in class action litigation and have been certified as class counsel in numerous cases. *See, e.g.*, *Lavigne v. First Community Bancshares, Inc., et al.*, 2018 WL 2694457, at *5 (D.N.M. June 5, 2018) (certifying TCPA class action and appointing undersigned as class counsel); *Munday v. Navy Federal Credit Union*, ECF No. 60, 15-cv-01629 (C.D. Cal., July 14, 2017) (final approval of class settlement of $2.75MM in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, No. CV 15-3509, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Vinas v. Credit Bureau of Napa County Inc.*, Dkt. No. 112, 14-cv-3270 (D. Md. February 22, 2017) (order granting final approval of FDCPA class action settlement); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM in TCPA action); *Oberther v. Midland Credit Management*, Doc. No. 90, 14-cv-30014 (D. Ma. July 13, 2016) (order granting final approval of FDCPA class action settlement); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action).

6.  I have presented at the New England Collector's Association Annual Meeting regarding consumer rights with a focus on FDCPA issues from the perspective of the Plaintiff's bar.

7.  My billing rate in this matter is $550 per hour which is a reasonable rate given my experience and expertise in consumer rights class action litigation.

8. I have been involved in all aspects of the litigation which required substantial effort by my firm and my colleagues to obtain the relief for the Settlement Class.

9. We have litigated this case on behalf of Mr. Ward and the proposed class since May 2017 when Mr. Ward contacted the firm regarding calls to him by Defendant Flagship Credit Acceptance LLC ("Flagship").

10. Following our investigation of Mr. Ward's claims and of Flagship, we drafted a class action complaint and filed the same on Mr. Ward's behalf on May 5, 2017.

11. Shortly thereafter, we were in contact with counsel for Flagship regarding Mr. Ward's claims. This began the Parties' discussions regarding Mr. Ward's claims.

12. While the Parties sought, and the Court granted, extensions of Flagship's deadline to respond to the complaint, the Parties exchanged hundreds of pages of documents, call recordings, other documentary evidence related to Plaintiff's claims and conferred about what such documents revealed and the legal implications of the same.

13. The Parties conferral resulted in an agreement to seek to mediate the case and determine if the matter could be resolved on a class-wide basis. As a condition for such mediation, Plaintiff required that Flagship disclose how many cellular telephones it had called with an automatic telephone dialing system during the class period such that any mediation could be meaningful. With that information we would be able to gauge what a fair and reasonable recovery to a Settlement Class would entail and require.

14. On November 16, 2017, the Parties conducted a full day of negotiations before the Honorable Joel Rosen, an experienced mediator and retired United States Magistrate Judge in the District of New Jersey. Prior to the mediation we consulted with Judge Rosen and submitted detailed mediation briefs regarding the issues in the case, the strengths and potential weaknesses of our position, the structure of a settlement, what Flagship's liability would entail where Plaintiff to

succeed in litigation and what a fair and reasonable settlement would entail given the results in similar cases. The mediation session was adversarial, all encompassing but resulted in dead lock and no settlement.

15. The Parties did agree to continue discussions. Specifically, the Parties agreed that Flagship would provide additional data on the putative class size which Plaintiff believed was necessary to evaluate any settlement. Over the next several months, the Parties engaged in extensive back-and-forths regarding data sampling, data production and further conferred with Judge Rosen.

16. On February 13, 2018, the Parties reconvened for a second full day mediation session before Judge Rosen. This session was productive and, following several additional conferences with Judge Rosen and exchanges of additional class information, the Parties reached an agreement in principal on April 30, 2018.

17. Completion of any settlement was made contingent on confirmatory discovery by Plaintiff into several aspects of the class size, composition, and other relevant issues. To that end, Flagship provided a declaration from a technology manager at Flagship, detailed class data, and, on June 26, 2018, I deposed the same individual.

18. This discovery confirmed the complete dial histories (cell and non-cell alike) of all three dialers at issue were queried against Lexis-Nexis databases and Flagship's own internal records to identify the cellular numbers of class members.

19. Following preliminary approval of the Settlement Agreement on September 18, 2018 (Doc. No. 21), my firm has worked to ensure that the notice and claims process set out in the Court's preliminary approval order has been followed. We regularly communicated with the Court-appointed administrator (CEG), reviewed the language and content of the official settlement website (http:// FlagshipTCPAsettlement.com/), and also reviewed and edited scripts for the automated telephone line.

20. In addition, messages left with the administrator on the toll-free inquiry line where returned by my office and under my supervision. There have been hundreds of such return calls made to respond to class-member inquires.

21. Pursuant to the preliminary approval order, on or about December 2, 2018, the administrator initiated the Court approved class notice plan. The administrator has provided updates on the number of claims processed and verified. As of today, the administrator reports that 57,318 claims have been timely received and verified with 10,731 claims remaining in the review process. There have been no objections to date and only four requests for exclusion from the class.

22. Mr. Ward has been an exemplary class representative throughout this process. He has aided his counsel with our investigation, he has remained din regular contact throughout the case and specifically in the period when the Parties were actively mediating this matter.

I declare under penalty of perjury that the above is true and correct.

Dated: March 19, 2019                                      */s/ Stephen Taylor*
                                                            Stephen Taylor